KING, P.J.,
for the court.
¶ 1. Willie Doss was convicted of the murder of his wife by a jury of the Circuit Court of Oktibbeha County and sentenced to life imprisonment with the Mississippi Department of Corrections. Doss appeals and argues that the trial court erred in overruling his motion for JNOV or, in the alternative, motion for new trial because the jury verdict was against the overwhelming weight of the evidence.
¶ 2. Finding no error, this Court affirms the conviction and sentence.
FACTS
¶ 3. Around 4:00 a.m. on the morning of August 13, 2000, Willie Doss came home and during the course of an argument with his wife Doss shot and killed her. Doss, his wife and three teenage children lived in a mobile home in the Crawford community fifteen to sixteen miles from Starkville. When the police arrived, Doss told the officers that he shot Lena Doss but that he did not know what happened. Doss was standing in the middle of the bedroom and his daughter Michelle was sitting on the left side of the bed holding Lena Doss’s head in her lap. The police found the gun in the top drawer of the chest of drawers in the bedroom.
¶ 4. While in custody, Doss gave two statements to the police. In his first statement Doss said that when he came home his wife met him. She accused him of having a woman on the side and asked him where he had been and they began pushing and shoving. Doss said that the .380 Greco pistol which he had in his hand went off and that he and his wife fell on the bed. Doss told the police that he only fired one shot.
¶ 5. The next day Doss told the officers that he wanted to talk to them again. He said that some of what he had previously *1106 told them was not true and that he wanted to straighten it out. Doss said that when he came home, he and his wife began fussing. Doss stated that he shot next to her trying not to hit her. Doss then walked to the other side of the bed and shot again. He said he was not trying to hit her but did.
¶ 6. The police officers found two .380 magazines in the bedroom, one beside the gun and one on the other side of the drawer. One cartridge casing was found on the floor eighteen inches from the right side of the bed. There was evidence that three shots were fired. Two holes were found in the headboard of the bed. The officers also found a hole that went all the way through the trailer wall behind the hole on the left side of the headboard. One projectile was found on the floor and another was recovered from Lena Doss’s body.
¶ 7. Dr. Steven Hayne performed the autopsy on Lena Doss and testified at trial. He found a gunshot wound on the back of the third finger of her left hand. He said that the wound was consistent with a defensive posture to block injury to the face, neck and chest. Dr. Hayne also found a gunshot entry wound on the top of Lena Doss’s head. He found that Mrs. Doss died as a result of the gunshot wound that struck her first finger and then entered the top of her head.
¶ 8. At trial, Doss testified that he had the gun in his hand because he had taken it with him in an unsuccessful attempt to pawn it. He had not put it back in the drawer where he kept it when the argument with his wife started. He maintained that the shooting occurred when Lena Doss pushed him during the course of their arguing and tussling. Doss testified that only two shots were fired.
¶ 9. In rebuttal, the State put on additional evidence that three shots were fired. A neighbor of the Dosses testified at trial that on the morning of August 13 he was up early and saw Doss return home. Around 4:15 a.m., the neighbor heard two shots fired and then a short time later he heard a third shot. A schoolmate of Michelle Doss also testified that she heard Michelle say that three shots were fired on the night her mother was killed.
ANALYSIS
¶ 10. Doss argues that the verdict was against the overwhelming weight of the evidence. He contends that he shot his wife in a moment of passion and the gun accidently fired when she pushed his arm. He contends that the State failed to show that the shooting of Lena Doss was not accidental and unintended.
¶ 11. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. “[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.” Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998). On review, the State is given “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). “Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” Dudley, 719 So.2d at 182(¶ 8). “This Court does not have the task of reweighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible.” Langston v. State, 791 So.2d 273, 280(¶ 14) (Miss.Ct.App.2001).
¶ 12. Because Doss also argues that the court erred in failing to grant his motion for judgment notwithstanding the verdict, *1107 this Court must also consider the sufficiency of the evidence. A jury verdict can only be set aside when it is based on legally insufficient evidence or it is against the substantial weight of the evidence. Furthermore, we review “the evidence as a whole, taken in the light most favorable to the verdict” and will reverse only if “no reasonable, hypothetical juror could have found as the jury found.” Brandon HMA, Inc. v. Bradshaw, 809 So.2d 611(¶ 13) (Miss.2001) (citations omitted).
¶ 13. Whether reviewing this case based on the weight or sufficiency of the evidence, we find no basis for reversal. The evidence was that Willie Doss shot and killed Lena Doss with deliberate design. Doss admitted firing the fatal shot. There was testimony that Lena Doss was in a posture to defend herself from injury when the shot was fired and that the shot was fired at least eighteen inches from her. This physical evidence refutes Doss’s argument that the shooting was accidental, as does the evidence that three shots were fired.
¶ 14. The Court finds no merit to the issue raised and affirms the judgment of the trial court.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.