# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CT-00900-SCT

*DENNIS DOBBS*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                        05/10/2007
TRIAL JUDGE:                             HON. ANDREW K. HOWORTH
COURT FROM WHICH APPEALED:               MARSHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                  PRO SE
ATTORNEY FOR APPELLEE:                   OFFICE OF THE ATTORNEY GENERAL
                                         BY: STEPHANIE BRELAND WOOD
DISTRICT ATTORNEY                        BEN CREEKMORE
NATURE OF THE CASE:                      CIVIL - POST CONVICTION RELIEF
DISPOSITION:                             REVERSED AND REMANDED - 04/16/2009
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Dennis Dobbs submitted various filings to the Marshall County Circuit Court, which treated these filings as a motion for post-conviction relief. The circuit court denied relief, and Dobbs appealed, asserting his motions were not post-conviction motions but rather civil complaints under Title 42 of the United States Code Section 1983 (2006). The Court of Appeals affirmed, and we granted certiorari to address the issue of whether the Marshall County Circuit Court had jurisdiction to consider a motion for post-conviction relief filed by

an inmate serving a Clay County Circuit Court sentence in the Marshall County Correctional Facility.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 25, 2006, Dennis Dobbs filed his "Petition for an Order to Show Cause" in the Marshall County Circuit Court. At the time, Dobbs was incarcerated at the Marshall County Correctional Facility for a conviction and sentence imposed by the Clay County Circuit Court. In his *pro se* petition, Dobbs asserted that he "is not attacking the legality of his sentence" and that he "is housed in-a-unhuman [*sic*] condition." Specifically, Dobbs argued that there were no air conditioners installed in the facility and the windows did not open. Dobbs filed an amended petition on July 26, 2006, wherein he further asserted that he was housed in "a fire hazard facility" in that the Marshall County Correctional Facility does not have fire sprinkler systems in the dormitories. The record contains numerous additional filings which appear unrelated to the matter presently before this Court.

¶3.     The Marshall County Circuit Court entered an order dated May 10, 2007, wherein Dobbs's filings were treated as a motion for post-conviction relief pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotation Sections 99-39-1 to 99-39-29 and the relief requested was denied. More specifically, the trial court stated, *inter alia*, in its order:

> After reviewing the documents filed by the Petitioner in relation to the Motion for Post Conviction Relief, and considering all matters in a light most favorable to the Petitioner, the Court is of the opinion that the Petitioner's assertions are without merit.

Based on the trial court's denial of any relief pursuant to his various filings, Dobbs appealed to this Court, asserting that his filings should not have been treated as a motion for post-conviction relief but rather as a "§ 1983 complaint on conditions of confinement." We assigned this case to the Court of Appeals, which in due course affirmed the Marshall County Circuit Court. *Dobbs v. State*, 2008 Miss. App. LEXIS 354 (Miss. Ct. App. June 10, 2008). Dobbs filed a motion for rehearing, which the Court of Appeals dismissed.[1] *Dobbs v. State*, 2008 Miss. App. LEXIS 688 (Miss. Ct. App. Nov. 12, 2008). Thus, Dobbs filed his petition for writ of certiorari, and this Court granted the petition on January 29, 2009. *Dobbs v. State*, 2009 Miss. LEXIS 28 (Miss. Jan. 29, 2009).

## DISCUSSION

¶4.    Dobbs asserts that his filings should have been treated as a complaint filed pursuant to 42 United States Codes § 1983, challenging the conditions of confinement rather than post-conviction relief filings.[2]  *See* 42 U.S.C. § 1983 (2006). We granted certiorari to address jurisdiction over a motion for post-conviction relief (PCR). Dobbs did not have a conviction in Marshall County. Instead, based on an executive decision by the Mississippi

---

[1] In the order dismissing Dobbs's motion for rehearing, the Court of Appeals stated, *inter alia*, "Dobbs informed the Supreme Court Clerk's Office that he had been released from incarceration, and was living at a home address. This Court finds that the matter Dobbs sought to raise in the circuit court, and in this Court, is now moot, and motion for rehearing should be dismissed."

[2] In his petition for writ of certiorari, Dobbs states, "Petitioner filed a § 1983 claim on a Motion to Show Cause Petition, because the facility he was housed at . . . had no § 1983 forms in the Law Library."

3

Department of Corrections, Dobbs was placed in the Marshall County Correctional Facility to serve his sentence, which had been imposed by the Clay County Circuit Court as a result of a conviction in that court. Thus, the Marshall County Circuit Court did not have jurisdiction to treat Dobbs's Petition for an Order to Show Cause and other filings as a motion for post-conviction relief. Mississippi Code Annotated section 99-39-7 states, in part:

> The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court.

Miss. Code Ann. § 99-39-7 (Rev. 2007). Therefore, with respect to Dobbs's conviction in the Clay County Circuit Court of simple assault on a law enforcement officer and false pretenses, if Dobbs were seeking post-conviction relief, he would be required to file his PCR motion in the Circuit Court of Clay County, the trial court in which he was convicted, inasmuch as his conviction and sentence had not been appealed. "[T]he court in which the conviction was obtained has exclusive jurisdiction of a PCR from that conviction." *Garlotte v. State*, 915 So. 2d 460, 463 (Miss. Ct. App. 2005). *See, e.g., Stanley v. Turner*, 846 So. 2d 279, 281 (Miss. Ct. App. 2002) ("[j]urisdiction for such a proceeding lies in the circuit court where the conviction was obtained"); *McDonall v. State*, 465 So. 2d 1077, 1078 (Miss. 1985) (jurisdiction to hear post-conviction collateral relief lies in court last having jurisdiction). *See also Martin v. State*, 556 So. 2d 357, 358-359 (Miss. 1990).

4

¶5. The Court of Appeals found that "[b]ecause the circuit court treated Dobbs's filings as a motion for post-conviction relief, it was proper to deny his requested relief," since Dobbs's allegations did "not fall under any of the grounds for post-conviction relief enumerated in section 99-39-5(1)." **Dobbs**, 2008 Miss. App. LEXIS 354, *4, ¶8. However, the reason that Dobbs's pleadings, and the relief requested therein, did not fall under any of the statutory grounds for relief under section 99-39-5(1) is that Dobbs was not seeking to have the Marshall County Circuit Court set aside his Clay County conviction and/or sentence – Dobbs was seeking civil redress for what he characterized as inhumane conditions at the Marshall County Correctional Facility.

¶6. The Mississippi Uniform Post-Conviction Collateral Relief Act provides for the filing of a post-conviction relief motion for the purpose of attacking a criminal conviction and/or sentence. *See* Miss. Code Ann. § 99-39-5 (Rev. 2007). Dobbs explicitly stated in his petition that he was not attacking the legality of his sentence, nor did he even inferentially attack the legality of his conviction. As such, and due to the lack of jurisdiction, the Circuit Court of Marshall County should have treated Dobbs's filings as non-post-conviction relief filings.

¶7. As noted, *supra*, the filings with the Clerk of this Court reveal that Dobbs has been released from custody on his heretofore-imposed Clay County Circuit Court sentence, and he now has a mailing address in Prairie, Mississippi. However, the mere fact that Dobbs has been released from custody does not posit this Court, based on the cold record before us, to dismiss as moot Dobbs's claims of the alleged "inhumane conditions" at the Marshall County

5

Correctional Facility. The consideration of the issues of perceived mootness and, if necessary, the merits of Dobbs's civil filings are better left to the trial court.

## CONCLUSION

¶8.    As a result of the jurisdictional error created by the Marshall County Circuit Court's treatment of Dobbs's filings as a motion for post-conviction relief, this case is remanded to the Circuit Court of Marshall County to address Dobbs's Petition for an Order to Show Cause, consistent with this opinion.

¶9.    **REVERSED AND REMANDED.**

**WALLER, C.J., GRAVES, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.**