GRIFFIS, P.J.,
for the Court:
¶ 1. William Dewayne Saveli filed a “Petition for an Order of Disinterment for Autopsy” in the Circuit Court of Neshoba County. The circuit court treated it as a motion for post-conviction collateral relief and dismissed the motion. We find no error and affirm the dismissal.
FACTS
¶ 2. On September 25, 2004, Saveli was convicted of murder under Mississippi Code Annotated section 97-3-21 (Rev. 2006). He was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Saveli appealed to the Mississippi Supreme Court, and the appeal was deflected to this Court. We affirmed his conviction and sentence on May 9, 2006. Savell v. State, 928 So.2d 961, 974 (¶ 4) (Miss.Ct.App.2006).
¶ 3. On April 16, 2007, Saveli filed his application for leave to proceed in the trial court on a motion for post-conviction collateral relief with the supreme court. On May 9, 2007, the supreme court denied the motion.
¶ 4. On September 15, 2008, Saveli filed his second application for leave to proceed with the supreme court. By order dated October 7, 2008, the supreme court dismissed the application as procedurally barred as a successive writ. The supreme court also held that “any future filings may subject Saveli to sanctions.”
¶ 5. On September 10, 2009, Saveli filed his “Petition for an Order of Disinterment for Autopsy.” In the petition, Saveli asked the circuit court to order disinterment of the victim Mandy Davis’s body to determine if the manner of death was homicide. Previously, Dr. Steven Hayne had determined Davis’s cause of death to be nine stab wounds to the chest, but it is unclear if the manner of death was certified as a homicide in Dr. Hayne’s report. Saveli argued that a second autopsy is necessary to sustain his murder conviction because the manner of death must be designated as a homicide for him to be criminally liable for Davis’s death.
¶ 6. On October 4, 2010, Saveli filed yet another application for leave to proceed with the supreme court. The supreme court dismissed the application after it found: Saveli’s arguments were without merit; the application was time-barred; and since it was his third application, it was also procedurally barred as a successive writ. The supreme court sanctioned Saveli by requiring him to pay one hundred dollars.
¶ 7. On October 15, 2010, the circuit court entered an order that dismissed the motion for failure to obtain leave from the supreme court as required by Mississippi Code Annotated section 99-39-7 (Supp. 2010). Saveli now appeals.[1]
*378 ANALYSIS
¶ 8. Saveli’s case was appealed on the merits to the supreme court. The appeal was deflected to this Court for consideration. This Court affirmed the conviction. Saveli did not file a petition for writ of certiorari with the Mississippi Supreme Court. He did file a petition for writ of certiorari with the United States Supreme Court, and it was denied. Savell v. Mississippi, — U.S. -, 131 S.Ct. 2143, 179 L.Ed.2d 899.
¶ 9. Jurisdiction over any subsequent filing for post-conviction collateral relief is vested in the Mississippi Supreme Court. Mississippi Code Annotated section 99-39-7 provides:
The motion under this chapter shall be filed as an original civil action in the trial court, except in cases in which the prisoner’s conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the Supreme Court of Mississippi.
Saveli’s conviction and sentence were affirmed by this Court on direct appeal; therefore, the motion shall not be filed in the trial court until it is first presented to a quorum of the justices of the supreme court and an order granted allowing the filing of the motion for post-conviction collateral relief in circuit court. Id.
¶ 10. Accordingly, the Mississippi Supreme Court has initial jurisdiction over a post-conviction proceeding where the appellate court is the one that last exercised jurisdiction in the case. See Evans v. State, 485 So.2d 276, 283 (Miss.1986). Without permission from the supreme court, Saveli had no right to proceed before the circuit court. Accordingly, we affirm the circuit court’s dismissal of the motion for lack of jurisdiction.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ, CONCUR.

. We note that Saveli's fourth application for leave to proceed in the trial court is currently pending in the supreme court.