IRVING, P.J.,
for the Court:
¶ 1. Willie Doss appeals the Oktibbeha County Circuit Court’s dismissal of his motion for relief from judgment pursuant to Rule 60(b)(4) of the Mississippi Rules of Civil Procedure. Finding no error, we affirm.
FACTS
¶ 2. On February 8, 2002, an Oktibbeha County jury convicted Doss of murder, and the circuit court sentenced him to life imprisonment. Doss filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the court denied. Doss appealed his conviction and sentence, and this Court affirmed on September 9, 2003. Doss v. State, 866 So.2d 1105, 1107 (¶ 14) (Miss.Ct.App.2003). Thereafter, Doss requested permission from the Mississippi Supreme Court to seek post-conviction relief in the circuit court. Our supreme court denied Doss’s request, finding that Doss’s application failed “to make a substantial showing of the denial of a state or federal right as required by [Mississippi Code Annotated section] 99-39-27(5) [ (Supp.2013) ].”
¶ 3. On June 18, 2012, Doss filed his motion for relief from judgment pursuant to Rule 60(b)(4) with the circuit court. The court dismissed Doss’s motion, stating that because Doss appealed his conviction and the conviction was affirmed, the circuit court was “without any authority to hear any post-conviction motions until [Doss] has obtained permission to file said motions[.]”
¶ 4. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. Doss contends that the circuit court erred in dismissing his Rule 60(b)(4) motion, which alleged that the circuit court’s judgment against him was void. The Mississippi Supreme Court has stated that “pleading[s] cognizable under *1028 the [Uniform Post-Conviction Collateral Relief Act (UPCCRA) ] will be treated as ... motion[s] for post-conviction relief that [are] subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading[s].” Knox v. State, 75 So.3d 1030, 1035 (¶ 12) (Miss.2011) (citations omitted). We find that Doss’s motion was essentially a motion for post-conviction relief (PCR).
¶ 6. “When a case is affirmed on direct appeal, permission from the Mississippi Supreme Court must be obtained in order to seek post-conviction relief in the circuit court.” Campbell v. State, 75 So.3d 1160, 1161-62 (¶ 7) (Miss.Ct.App.2011) (citing Miss.Code Ann. § 99-39-7 (Supp.[2013])). Additionally, the supreme court’s denial of an application for leave to seek post-conviction relief in the circuit court is a final judgment and bars successive applications for relief pursuant to the UPCCRA. Miss. Code Ann. § 99-39-27(9) (Supp.2013).
¶ 7. As stated, we affirmed Doss’s conviction and sentence on September 9, 2003. Subsequently, Doss filed an application with the supreme court for leave to seek post-conviction relief in the circuit court. The supreme court denied Doss’s application, stating that he had failed to “make a substantial showing of the denial of a state or federal right.” Eight years later, Doss filed his Rule 60(b)(4) motion with the circuit court, which the court dismissed for lack of jurisdiction.
¶ 8. The circuit court did not err in dismissing Doss’s Rule 60(b)(4) motion. Because the supreme court never gave Doss permission to file his motion with the circuit court, the circuit court never had jurisdiction to hear his motion. Accordingly, we affirm the circuit court’s judgment dismissing Doss’s PCR motion.
¶ 9. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ, CONCUR. BARNES, J., CONCURS IN RESULT ONLY.