# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01290-COA

WILLIAM DEWAYNE SAVELL A/K/A DEWAYNE SAVELL                    APPELLANT

v.

STATE OF MISSISSIPPI                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/06/2014 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM DEWAYNE SAVELL (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED APPELLANT'S PETITION FOR POST-CONVICTION RELIEF AND DENIED APPELLANT'S REQUEST FOR PRETRIAL-HEARING TRANSCRIPT |
| DISPOSITION: | AFFIRMED - 07/21/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND CARLTON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     After unsuccessfully appealing his murder conviction and then filing several other unsuccessful motions, William Dewayne Savell filed a "Petition for Order to Show Cause" with the Neshoba County Circuit Court.[1]  Savell argued that his latest petition was not a petition for post-conviction relief (PCR) but instead sought a determination of "why the

_____

[1] Savell named the following as respondents to his petition:  Marcus Gordon, Patti Duncan Lee, Mark Duncan, Christopher Collins, and Edmund Phillips Jr.

respondents should not produce a transcript of the [pretrial] hearing in Savell's case."[2] Treating Savell's filing as a PCR petition, however, the circuit court dismissed Savell's petition and denied his request for a pretrial-hearing transcript.

¶2. In appealing the circuit court's denial of his request for a pretrial-hearing transcript and dismissal of his show-cause petition, Savell disputes the circuit court's seizure of his motorcycle, which he claims he intended to sell to use the proceeds to hire a defense attorney for his trial.[3] Savell argues on appeal to this Court that the circuit court's refusal to provide him with a copy of his pretrial-hearing transcript impaired his ability to appeal and violated his due-process rights. Finding no error, we affirm.

**FACTS**

¶3. After a jury convicted Savell of the murder of Mandy Davis, the circuit court sentenced him to life imprisonment in the custody of the Mississippi Department of Corrections. *Savell v. State*, 928 So. 2d 961, 964 (¶1) (Miss. Ct. App. 2006). Savell then appealed his conviction and sentence to this Court. *Id.* Finding no error, we affirmed. *Id.*

¶4. In 2009, Savell filed a "Petition for an Order of Disinterment for Autopsy" with the circuit court. *Savell v. State*, 78 So. 3d 376, 377 (¶1) (Miss. Ct. App. 2011). The circuit court treated the petition as a PCR motion and dismissed because Savell failed "to obtain

---

[2] As reflected in the record, the hearing at issue in Savell's current petition is the pretrial hearing held to determine his indigency status.

[3] Prior to Savell's trial, the circuit court held the hearing to determine whether Savell was indigent. After determining Savell to be indigent, the circuit court appointed attorneys to represent Savell on his pending murder charge.

leave from the supreme court as required by Mississippi Code Annotated section 99-39-7 (Supp. 2010)." *Id.* at (¶7). In addressing Savell's appeal of the circuit court's judgment, this Court noted that Savell had previously filed three applications for leave to proceed with the supreme court, each of which was denied or dismissed. *Id.* at (¶¶3-6). After finding that Savell failed to obtain permission from the supreme court before filing his 2009 PCR motion in circuit court, we affirmed the circuit court's dismissal of Savell's 2009 motion. *Id.* at 378 (¶10).

¶5. On August 4, 2014, Savell filed a new petition with the circuit court, which is the focus of the matter presently before this Court. In his "Petition for Order to Show Cause," Savell repeatedly asserted that he was not attacking the trial proceedings resulting in his murder conviction and that his petition failed to constitute a PCR petition. Instead, Savell insisted that his petition for a show-cause order sought to establish that the circuit court's failure to provide him a copy of the transcript of his pretrial indigency hearing deprived him of due process and impeded his ability to file an appeal. According to Savell's assertions, the pretrial-hearing transcript would show that the circuit court violated Savell's fundamental constitutional rights. Savell argued that the missing transcript reflected that the circuit court erred by first seizing personal property Savell allegedly intended to use to hire an attorney and by then declaring Savell indigent.

¶6. Despite Savell's repeated assertions that his petition was not actually a PCR petition, Savell requested that the respondents named in his petition provide answers regarding the

investigation into Davis's murder and certain evidence presented at Savell's trial. Specifically, Savell's petition questioned why authorities failed to investigate a "shoe print" when Savell claimed he could "show positive proof that the gray tennis shoes were irrelevant and not involved in the crime."[4] Savell's petition also challenged the testing of certain biological evidence gathered during the investigation into Davis's murder.

¶7. On August 6, 2014, the circuit court entered an order denying Savell's petition. The circuit court found that, although Savell claimed his petition was not a PCR petition, he sought to attack "the testimony and evidence that the State used to convict him." As a result, the circuit court concluded that Savell's petition was, in fact, a PCR petition.[5]

¶8. The circuit court further found that Mississippi Code Annotated section 99-39-7 (Supp. 2014) required Savell to obtain permission from the supreme court before filing a PCR petition in circuit court. Because Savell failed to seek leave from the supreme court, the circuit court found that it lacked jurisdiction to entertain Savell's petition. The circuit court therefore dismissed the petition. In addition, the circuit court found Savell's petition to be time-barred since it was filed outside the three-year time limit provided by the Uniform Post-Conviction Collateral Relief Act (UPCCRA). *See* Miss. Code Ann. § 99-39-5(2) (Supp.

---

[4] During the investigation into Davis's murder, authorities discovered shoe prints at a location related to the crime that matched a pair of shoes later seized from Savell's home. *Savell*, 928 So. 2d at 966 (¶10).

[5] *See Dobbs v. State*, 6 So. 3d 1085, 1088 (¶6) (Miss. 2009) ("The Mississippi Uniform Post-Conviction Collateral Relief Act provides for the filing of a [PCR] motion for the purpose of attacking a criminal conviction and/or sentence.").

2014) ("A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon[.]").

¶9.     In addressing Savell's request for the pretrial transcript from his indigency hearing, the circuit court acknowledged that the court reporter who transcribed Savell's trial was now deceased. The circuit court further stated that it was "unaware of the existence of the subject of [Savell's] request." As a result, the circuit court denied Savell's request for his pretrial-hearing transcript. Aggrieved by the circuit court's judgment dismissing his current petition and denying his request for his pretrial-hearing transcript, Savell now appeals to this Court.

## STANDARD OF REVIEW

¶10.    "When reviewing a circuit court's denial or dismissal of a PCR [petition], we will reverse the judgment of the circuit court only if its factual findings are 'clearly erroneous'; however, we review the circuit court's legal conclusions under a de novo standard of review." *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011) (citation omitted).

## DISCUSSION

¶11.    Following his conviction and sentence for Davis's murder, Savell appealed his case on the merits. *Savell*, 928 So. 2d at 967 (¶14). Upon review, this Court affirmed Savell's conviction and sentence. *Id.* at 964 (¶1). As a result, Mississippi statutory law requires Savell to obtain the supreme court's permission to proceed before filing a subsequent PCR petition with the circuit court. *See* Miss. Code Ann. § 99-39-7. As provided by section 99-39-7:

5

Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.

¶12.    Despite Savell's assertions that his petition presents an independent original action, the circuit court found that his petition for a show-cause order constituted a PCR petition that sought to challenge the testimony and evidence the State used to convict Savell of Davis's murder.  As our caselaw establishes, "[a] pleading cognizable under the UPCCRA will be treated as a motion for [PCR] that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." *Knox v. State*, 75 So. 3d 1030, 1035 (¶12) (Miss. 2011) (citations omitted).  We also acknowledge that Savell fails to cite any authority to show that he is entitled to a free transcript when filing an independent original action.

¶13.    Because Savell's petition for a show-cause order presented a "pleading cognizable under the UPCCRA," we find that it was essentially a PCR petition and that the circuit court correctly treated it as such.  *See id.*  As a result, Savell was required to seek leave to proceed from the supreme court before filing his PCR petition with the circuit court.  However, as the record reflects, Savell failed to do so.

¶14.    As our caselaw recognizes, where the conviction and sentence were affirmed on direct appeal, "[j]urisdiction over any subsequent filing for [PCR] is vested in the [supreme court]." *Savell*, 78 So. 3d at 378 (¶9).  "Additionally, the supreme court's denial of an application for

6

leave to seek [PCR] in the circuit court is a final judgment and bars successive applications for relief pursuant to the UPCCRA." *Doss v. State*, 126 So. 3d 1026, 1028 (¶6) (Miss. Ct. App. 2013) (citing Miss. Code Ann. § 99-39-27(9) (Supp. 2013)). Thus, without first obtaining permission from the supreme court for leave to proceed, Savell possessed no right to file his present PCR petition with the circuit court. Therefore, based on the facts of this case and our precedent, we affirm the circuit court's denial of Savell's request for a transcript and the dismissal of Savell's PCR petition.

¶15. **THE JUDGMENT OF THE NESHOBA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING.**