# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00143-COA

**JAMES ROBERT ROWSEY A/K/A JAMES R. ROWSEY A/K/A JAMES ROWSEY**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/05/2021 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES ROBERT ROWSEY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/07/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., GREENLEE AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     James Robert Rowsey appeals the Panola County Circuit Court's dismissal of his motion for post-conviction relief (PCR). On appeal, Rowsey argues various claims regarding the evidence from his trial and alleges his legal documents were maliciously withheld from his possession. Finding no error, we affirm.

## FACTS

¶2.     Rowsey was convicted of murder by the Panola County Circuit Court on October 9, 1995, and was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. On February 23, 1998, this Court affirmed Rowsey's conviction and sentence

on direct appeal. In 2006, Rowsey filed an application for leave in the Mississippi Supreme Court requesting permission to file a PCR motion in the trial court. In its order entered on July 21, 2006, the Mississippi Supreme Court denied Rowsey's request.

¶3. Over fourteen years later, on October 8, 2020, Rowsey filed a motion in the circuit court seeking reversal of his conviction. The circuit court determined Rowsey had not been granted leave by the supreme court as required by Mississippi Code Annotated section 99-39-7 (Rev. 2020) and dismissed his motion on January 5, 2021. Aggrieved, Rowsey appeals.

**STANDARD OF REVIEW**

¶4. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Hays v. State*, 282 So. 3d 714, 716-17 (¶5) (Miss. Ct. App. 2019) (quoting *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018)).

**DISCUSSION**

¶5. Mississippi law provides certain procedural requirements that are necessary to follow in order to file a PCR motion. Pursuant to section 99-39-7,

> Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion [seeking post-conviction relief] under this article shall not be filed in the trial court until the motion shall have first been presented to . . . the Supreme Court of Mississippi, . . . and an order granted allowing the filing of such motion in the trial court.

¶6. "When a case is affirmed on direct appeal, permission from the Mississippi Supreme Court must be obtained in order to seek post-conviction relief in the circuit court." *State v.*

2

*Childs*, 309 So. 3d 1, 5 (¶14) (Miss. Ct. App. 2020) (quoting *Doss v. State*, 126 So. 3d 1026, 1028 (¶6) (Miss. Ct. App. 2013)). "As applied to claims asserted under the [Uniform Post-Conviction Collateral Relief Act], a circuit court lacks authority to adjudicate a PCR motion whenever the petitioner fails first to obtain permission from the supreme court to file [his] motion in circuit court." *Id.* at (¶15) (citing *Forkner v. State*, 227 So. 3d 404, 405-06 (¶5) (Miss. 2017)).

¶7. Here, Rowsey's conviction and sentence were affirmed on direct appeal. Thus, Rowsey was required to obtain permission from the Mississippi Supreme Court prior to filing his PCR motion in the circuit court. Because Rowsey failed to obtain permission from the supreme court first, the circuit court lacked jurisdiction and authority to consider Rowsey's PCR motion.

**CONCLUSION**

¶8. After reviewing the record, we find the circuit court properly dismissed Rowsey's PCR motion for lack of jurisdiction. We therefore affirm the circuit court's dismissal of Rowsey's PCR motion.

¶9. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**