# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-01606-SCT

*CHARLES RAY CRAWFORD a/k/a CRAWFORD, CHUCK a/k/a CHARLES CRAWFORD*

*v.*

*MARSHALL L. FISHER, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS, IN HIS OFFICIAL CAPACITY; EARNEST LEE, SUPERINTENDENT, MISSISSIPPI STATE PENITENTIARY, IN HIS OFFICIAL CAPACITY; THE MISSISSIPPI STATE EXECUTIONER, IN HIS OFFICIAL CAPACITY; AND UNKNOWN EXECUTIONERS, IN THEIR OFFICIAL CAPACITIES*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/29/2014 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| TRIAL COURT ATTORNEYS: | JAMES W. CRAIG |
| | VANESSA JUDITH CARROLL |
| | WILSON DOUGLAS MINOR |
| | HAROLD EDWARD PIZZETTA, III |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY |
| ATTORNEYS FOR APPELLANT: | JAMES W. CRAIG |
| | VANESSA JUDITH CARROLL |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  WILSON DOUGLAS MINOR |
| | HAROLD EDWARD PIZZETTA, III |
| | JASON L. DAVIS |
| | JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 12/15/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.    Charles Ray Crawford, a Mississippi death row inmate, filed a civil lawsuit, pursuant to Title 42, United States Code, Section 1983, in the Chancery Court of the First Judicial District of Hinds County, alleging various federal constitutional claims relating to the anesthetic, a compounded version of pentobarbital not approved by the United States Food and Drug Administration (FDA), to be utilized in his execution. The chancery court, following a hearing, transferred the case to the Circuit Court of the First Judicial District of Hinds County where the Mississippi Department of Corrections (MDOC) renewed its motion to dismiss. The circuit court granted the motion to dismiss, holding that the Section 1983 claims were the same as or similar to issues which were at the time pending in the Mississippi Supreme Court. For the reasons articulated below, we reverse the judgment and remand the case to the circuit court.

**FACTS AND PROCEDURAL HISTORY**

¶2.    In 1994, a jury convicted Charles Ray Crawford of capital murder, rape, burglary, and sexual battery, and he received a death sentence in the Circuit Court of Tippah County. *Crawford v. State*, 716 So. 2d 1028 (Miss. 1998), *cert. denied*, 525 U.S. 1021, 119 S. Ct. 550, 142 L. Ed. 2d 458 (1998), *reh'g denied*, 525 U.S. 1021, 119 S. Ct. 1100, 143 L. Ed. 2d 99 (1999).  On appeal, the Mississippi Supreme Court affirmed Crawford's conviction and death sentence. *Id.* at 1053.

¶3.    Crawford sought a writ of *habeas corpus* in the United States District Court for the Northern District of Mississippi, which was denied in 2008. ***Crawford v. Epps***, 2012 WL 3777024, \*4 (N.D. Miss. Aug. 29, 2012) (citing ***Crawford v. Epps***, 228 WL 4419347 (N.D. Miss. Sept. 25, 2008)). The United States Court of Appeals for the Fifth Circuit vacated judgment and remanded the case for further consideration. ***Crawford***, 2012 WL 3777024, at \*4 (citing ***Crawford v. Epps***, 353 Fed. App'x 977, 994 (5th Cir. 2009)). On remand, the district court dismissed Crawford's petition for writ of *habeas corpus* with prejudice. ***Crawford***, 2012 WL 3777024, at \*11. The Fifth Circuit affirmed. ***Crawford v. Epps***, 531 Fed. App'x 511, 522 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1281, 188 L. Ed. 2d 313 (2014).

¶4.    The State's February 24, 2014, Motion to Reset Execution Date was denied by the Mississippi Supreme Court on March 31, 2014, because Crawford's direct appeal from his rape conviction remained pending. ***Crawford v. State***, 2014-DP-01016-SCT (Miss. Mar. 31, 2014). This Court affirmed Crawford's rape conviction. ***Crawford v. State***, 192 So. 3d 905 (Miss. 2015), *cert. denied*, 136 S. Ct. 2527 (Mem.) (2016).

¶5.    Crawford sought leave in the Mississippi Supreme Court to file a successive petition for post-conviction relief on February 25, 2014. This Court denied Crawford leave to proceed on August 4, 2016. *See* ***Crawford v. State***, 2016 WL 4141748 (Miss. Aug. 4, 2016). Crawford's motion for rehearing was denied by this Court on November 10, 2016.

¶6.     Crawford, along with Michelle Byrom,[1] filed the present Complaint for Equitable and Injunctive Relief in the Chancery Court of the First Judicial District of Hinds County on March 28, 2014. The complaint was filed under 42 U.S.C. § 1983 and alleged "violations and threatened violations of . . . rights to due process and to be free from cruel and unusual punishment under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and art. 3, sections 14, 24, and 28 of the Mississippi Constitution."

¶7.     The MDOC filed a motion to dismiss under Mississippi Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Chancery Court of the First Judicial District of Hinds County, after a hearing on June 12, 2014, acknowledged in an order entered on July 21, 2014, that Crawford had sought equitable and declaratory relief, but ruled that the "Complaint is actually based upon alleged violations of Plaintiffs' constitutional rights and seeks a determination of the same." Accordingly, finding the claims to be "legal in substance," the chancery court determined it lacked subject matter jurisdiction and transferred the case to the Circuit Court of the First Judicial District of Hinds County.

¶8.     The MDOC renewed its motion to dismiss and the Circuit Court of the First Judicial District of Hinds County granted the MDOC's motion to dismiss on October 30, 2014, "as Plaintiff Charles Crawford currently has the same or similar issues under review before the Mississippi Supreme Court." Crawford appealed both the chancery court's order of transfer and the circuit court's order of dismissal on November 12, 2014.

---

[1] Byrom's claims in this case were dismissed voluntarily following the Mississippi Supreme Court's vacating her capital murder conviction. *See **Byrom v. State***, 2014-DR-00230-SCT (Miss. Mar. 31, 2014)

4

## DISCUSSION

**1. The circuit court erred in finding that Crawford had the same or similar claims pending before this Court at the time the present Section 1983 lawsuit was filed.**

¶9. The circuit court granted the MDOC's motion to dismiss because "Plaintiff Charles Crawford currently has the same or similar issues under review before the Mississippi Supreme Court." Crawford argues on appeal that no factual basis exists for the ruling because Crawford's motion for leave to file a successive petition for post-conviction relief did not include the method-of-execution claim challenging Mississippi's lethal injection protocol, which was advanced in the present Section 1983 civil suit. The MDOC's brief does not respond to Crawford's first assignment of error.

¶10. To consider Crawford's argument, this Court must look outside the record to Crawford's Motion for Leave to File Successive Petition For Post-Conviction Relief, filed in this Court on February 25, 2014. "This Court takes judicial notice of its files." *In re Dunn*, 166 So. 3d 488, 492 n.6 (Miss. 2013). In his motion for leave to file a successive petition for post-conviction relief, Crawford presented no argument relating in any manner to the method-of-execution issue that is pled in his Section 1983 suit. The circuit court's order therefore is factually mistaken. "'When considering jurisdictional issues the Court sits in the same position as the trial court, "with all facts as set out in the pleadings or exhibits, and may reverse regardless of whether the error is manifest."'" *Canadian Nat'l Ry. Co. v. Waltman*, 94 So. 3d 1111, 1115 (Miss. 2012) (quoting *Knight v. Woodfield*, 50 So. 3d 995, 998 (Miss. 2011)).

¶11. Because the dismissal clearly was erroneous, we reverse. We remand for a consideration of the legal sufficiency of Crawford's complaint under Mississippi Rule of Civil Procedure 12(b)(6).

**2. Challenges to the constitutionality of the State's method of execution may be brought pursuant to 42 U.S.C. § 1983 in state court.**

¶12. The MDOC argues that the Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides Crawford's exclusive remedy: "[t]he purpose [of the UPCCRA] is to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the *collateral review* of *convictions* and *sentences*." Miss. Code Ann. § 99-39-3(1) (Rev. 2015) (emphases added).

¶13. The MDOC correctly states that this Court has held that "[a] pleading cognizable under the UPCCRA will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." ***Knox v. State***, 75 So. 3d 1030, 1035 (Miss. 2011) (citing ***Edmond v. Miss. Dep't of Corrs.***, 783 So. 2d 675, 677 (Miss. 2001)). Moreover, MDOC claims that "[b]y requesting an injunction prohibiting the State from carrying out his execution, Crawford mounted a collateral attack against the execution of his death sentence."

¶14. Crawford, however, filed this civil action pursuant to 42 U.S.C. § 1983, which provides the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or

6

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In his Section 1983 suit, Crawford raises various constitutional claims relating to the specific lethal injection drugs the MDOC intends to employ to carry out his execution.

¶15. The United States Supreme Court considered a similar case in which the plaintiff challenged the constitutionality of Florida's lethal injection protocol pursuant to Section 1983. *Hill v. McDonough*, 547 U.S. 573, 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006). The question before the Court was whether the plaintiff's "claim must be brought by an action for a writ of habeas corpus under the statute authorizing that writ . . . or whether it may proceed as an action for relief under 42 U.S.C. § 1983. *Id.* The United States District Court for the Northern District of Florida treated the Section 1983 claim as a petition for writ of *habeas corpus* and dismissed it as successive, and the United States Court of Appeals for the Eleventh Circuit affirmed. *Id.* at 578.

¶16. The United States Supreme Court reversed and remanded, noting an important distinction. *Id.* at 585. "'Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.'" *Id.* at 579 (quoting *Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) (*per curiam*)). Conversely, "[a]n inmate's challenge to the circumstances of his confinement . . . may be brought under § 1983." *Id.*

7

¶17.    The Court applied *Nelson v. Campbell*, 541 U.S. 637, 644, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004), in which it had held that the plaintiff properly had used Section 1983, as opposed to filing a petition for writ of *habeas corpus*, to challenge Alabama's planned use of a "cut down" procedure during his execution by lethal injection. The Court in *Nelson* had observed that "[i]n a State such as Alabama, where the legislature has established lethal injection as the preferred method of execution . . . a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself." *Id.* But the Court continued, "[a] suit seeking to enjoin a particular means of effectuating a sentence of death does not directly call into question the 'fact' or 'validity' of the sentence itself—by simply altering its method of execution, the State can go forward with the sentence." *Id.*

¶18.    The *Hill* Court likewise observed that, "[i]f the relief sought would foreclose execution, recharacterizing a complaint as an action for habeas corpus might be proper." *Hill*, 547 U.S. at 582. The Court found that Hill's "complaint does not challenge the lethal injection sentence as a general matter but seeks instead only to enjoin the respondents 'from executing [Hill] in the manner they currently intend.'" *Id.* at 580. Specifically, Hill claimed that "the anticipated protocol allegedly causes 'a foreseeable risk of . . . gratuitous and unnecessary' pain." *Id.* And "[a]lthough the injection of lethal chemicals is an obvious necessity for the execution, Hill alleges that the challenged procedure presents a risk of pain the State can avoid while still being able to enforce the sentence ordering a lethal injection." *Id.* at 581. The Court further determined that "Hill's challenge appears to leave the State free

8

to use an alternative lethal injection procedure . . ." and that "[u]nder these circumstances a grant of injunctive relief could not be seen as barring the execution of Hill's sentence." *Id.* at 580-81.

¶19. Here, as in *Hill*, Crawford has alleged that the "MDOC's decision to use compounded drugs, specifically a compounded anesthetic that has not been tested or approved by the United States Food and Drug Administration ('FDA'), means that Plaintiffs may be conscious throughout their executions and will experience a torturous death by suffocation and cardiac arrest." Crawford is not seeking to preclude Mississippi from carrying out his execution by lethal injection altogether. He asserts that Mississippi's planned use of compounded lethal injection drugs presents an unnecessary risk of inflicting gratuitous pain during the execution in violation of the Eighth and Fourteenth Amendments to the United States Constitution and of Article 3, Sections 14 and 28, of the Mississippi Constitution.

¶20. Further, state courts possess concurrent jurisdiction of suits brought pursuant to Section 1983 with their federal counterparts. *Felder v. Casey*, 487 U.S. 131, 139, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988) (citing *Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 506-507, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982)). "Without a doubt the courts of this State have the authority to hear and adjudge a claim under § 1983." *City of Jackson v. Powell*, 917 So. 2d 59, 74 (Miss. 2005) (citing *Barrett v. Miller*, 599 So. 2d 559, 564 (Miss. 1992)). "This authority is present even though the statute is not specifically cited by name in the complaint." *Powell*, 917 So. 2d at 74 (citing *Hood v. Miss. Dep't of Wildlife Conservation*, 571 So. 2d 263, 267 (Miss.1990)). "This authority is strengthened by the duty and obligation

9

our courts have to enforce federally created rights." ***Powell***, 917 So. 2d at 74 (citing ***Burrell v. Miss. State Tax Comm'n***, 536 So. 2d 848, 863 (Miss. 1988)).

¶21. The United States Supreme Court has held that method-of-execution claims may be brought pursuant to Section 1983. Section 1983 claims are cognizable in state court. Crawford may proceed with his Section 1983 claim in state court.

> **3. Whether the Chancery Court of the First Judicial District of Hinds County erred by transferring Crawford's Section 1983 suit to the Circuit Court of the First Judicial District of Hinds County.**

¶22. On July 21, 2014, the Chancery Court of the First Judicial District of Hinds County *sua sponte* ordered this case to be transferred to the Circuit Court of the First Judicial District of Hinds County after finding the claims to be "legal in substance." Crawford did not file a notice of appeal until November 12, 2014, nor was a petition for interlocutory appeal timely filed pursuant to Mississippi Rule of Appellate Procedure 5(a). Accordingly, the transfer order is not before this Court at present and we decline to address the issue.

> **4. Whether Crawford's complaint states a claim upon which relief can be granted.**

¶23. As discussed above, the Circuit Court of the First Judicial District of Hinds County never ruled on the MDOC's dismissal sought under Mississippi Rule of Civil Procedure 12(b)(6), but instead granted dismissal because "Crawford currently has the same or similar issues under review before the Mississippi Supreme Court." Because of the mistaken factual basis upon which the circuit court granted the MDOC's motion to dismiss, we remand this case for a consideration of the sufficiency of Crawford's complaint under Mississippi Rule of Civil Procedure 12(b)(6).

## CONCLUSION

¶24.   Because the Circuit Court of the First Judicial District of Hinds County erroneously dismissed Crawford's Section 1983 lawsuit on the basis of a factual misapprehension, we reverse and remand.

¶25.   **REVERSED AND REMANDED.**

**DICKINSON, P.J., LAMAR, KING AND COLEMAN, JJ., CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., AND BEAM, J.; MAXWELL, J., JOINS IN PART. MAXWELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J.; RANDOLPH, P.J., AND BEAM, J., JOIN IN PART.**

**WALLER, CHIEF JUSTICE, DISSENTING:**

¶26.   It is clear that Crawford's claims fall squarely within the purview of the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA).  Crawford's effort to disguise a collateral attack on his sentence as a civil-rights lawsuit under Section 1983 adds yet another avenue or layer of litigation to obfuscate and confuse the orderly administration of justice.  Because the Section 1983 action filed by Crawford in chancery court is nothing more than an attempt to skirt the procedural requirements of the UPCCRA, I respectfully dissent.

## DISCUSSION

**I.      Cases discussing the relationship between federal habeas corpus and Section 1983 are inapplicable to the instant case.**

¶27.   It is inescapable that Crawford's method-of-execution claim is a collateral attack on his death sentence.  Therefore, this case is controlled by the UPCCRA, the "exclusive and uniform procedure for the collateral review of convictions and sentences." Miss. Code Ann. § 99-39-3(1) (Rev. 2015).  Indeed, Crawford concedes that he could have filed his claim as

11

a petition for post-conviction relief under the UPCCRA. Nevertheless, the majority finds that Crawford is not bound by the UPCCRA because Crawford "filed his civil action pursuant to 42 U.S.C. § 1983[.]" But the label ascribed to Crawford's claim does not change its substance, as Section 1983 "is not itself a source of substantive rights." *Baker v. McCollan*, 443 U.S. 137, 144 n.3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979).

¶28. In support of its holding that Crawford's attack on his death sentence may proceed as a Section 1983 action independent of the UPCCRA, the majority relies on the United States Supreme Court's holdings in *Nelson v. Campbell*, 541 U.S. 637, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004), and *Hill v. McDonough*, 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006), which were based on principles of federal law which have no application to this case. Critically, the inmates in *Nelson* and *Hill* filed challenges to their death sentences in federal court, not state court. This distinction is important because "[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a complaint under [Section 1983]." *Hill v. McDonough*, 547 U.S. 573, 579, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006). Thus, the question presented in *Nelson* and *Hill* was whether the inmates' method-of-execution claims were required to be filed as habeas corpus proceedings, or whether they could proceed as actions for relief under Section 1983. The basis for the Court's holding that the inmates' claims could proceed under Section 1983 was the fact that those claims, if successful, would not invalidate their sentences. *See Nelson*, 541 U.S. at 643; *Hill*, 547 U.S. at 580-81. Their claims, therefore, were removed from the narrow scope of habeas corpus. "Habeas lies to enforce the right of personal liberty; when that right is

denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner." *Fay v. Noia*, 372 U.S. 391, 430-31, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963), *overruled in part on other grounds in* *Wainwright v. Sykes*, 443 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). Put another way, federal habeas-corpus relief was unavailable to the inmates in *Nelson* and *Hill*. But unlike federal habeas corpus, the UPCCRA is broad enough to encompass the relief Crawford seeks.

¶29. The relationship between federal habeas corpus and Section 1983 is irrelevant to Crawford's case, as he filed his complaint in state court. Additionally, *Nelson* and *Hill* do not address the application of state-law, post-conviction procedures, such as the UPCCRA, to Eighth-Amendment, method-of-execution claims filed in state court, such as the instant case. And finally, the UPCCRA does not feature limitations in its scope similar to federal habeas corpus. Accordingly, *Hill* and *Nelson* provide no support for the majority's holding.

### II. Crawford's challenge to his death sentence is controlled by the UPCCRA.

¶30. The UPCCRA applies to "[a]ny person sentenced by a court of record of the State of Mississippi" and allows a petitioner to attack collaterally his or her conviction or sentence "upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy." Miss. Code Ann. § 99-39-5(1)(j) (Rev. 2015). Crawford's characterization of his method-of-execution claim as a Section 1983 action, rather than a petition for post-conviction relief, is unavailing, as "[a] pleading cognizable under the UPCCRA will be treated as a motion for post-conviction relief that is

13

subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading." ***Knox v. State***, 75 So. 3d 1030, 1035 (Miss. 2011) (citing ***Edmond v. Miss. Dep't of Corrs.***, 783 So. 2d 675, 677 (Miss. 2001)). Crawford's complaint is a collateral attack on his sentence, no matter how peripherally he attempts to characterize it. At the heart of his complaint, Crawford seeks to enjoin the State from executing him in a certain manner, without offering a readily available and constitutionally adequate alternative. Thus, while his complaint does not attack directly the general validity of his death sentence, it has the same practical effect under the facts presented.

¶31. This Court has reviewed similar claims under the UPCCRA. In ***Spicer v. State***, 973 So. 2d 184, 207 (Miss. 2007), a death-row inmate sought leave to seek post-conviction relief on the ground that "the use of pavulon, the second drug in Mississippi's lethal injection protocol, . . . amounts to an unconstitutional prior restraint on speech" in violation of the First Amendment. He also raised an Eighth-Amendment claim challenging the State's use of sodium pentothal, the first drug in Mississippi's lethal-injection protocol at the time. *Id.* This Court reviewed the merits of the prisoner's claims and found his lethal-injection challenges to be without merit; however, this Court granted the prisoner's petition in part on a separate issue and allowed him to proceed in the trial court with an evidentiary hearing. *Id.* at 211. *See also* ***Chamberlin v. State***, 55 So. 3d 1046, 1056 (Miss. 2010) (finding petitioner's method-of-execution claim to be procedurally barred under the UPCCRA); ***King v. State***, 23

So. 3d 1067, 1071 (Miss. 2009) (same); ***Jordan v. State***, 918 So. 2d 636, 661-62 (Miss. 2005) (same).

¶32.    In addition, this Court has rejected litigants' attempts to file claims cognizable under the UPCCRA in chancery court on the sole ground that they sought equitable relief.  For example, in ***Knox***, a group of inmates filed a complaint in chancery court alleging violations of their constitutional rights to counsel and requesting various equitable relief, including an injunction requiring the State to appoint them competent post-conviction counsel and allowing them to file successive petitions for post-conviction relief.[2] ***Knox***, 75 So. 3d at 1032.   The chancery court dismissed the case, finding that it lacked subject-matter jurisdiction. ***Id.*** at 1034. This Court affirmed the chancery court's dismissal, holding that the inmates' claims were cognizable under the UPCCRA, and finding that the relief requested by the inmates would require the chancellor to interfere with, and even contravene, the UPCCRA's procedural provisions. ***Id.*** at 1035-36.  This Court concluded that it was "fully capable of considering the inmates' claims in individual applications to file a motion for post-conviction relief." ***Id.*** at 1036.

III.    **Because Crawford seeks to invalidate his death sentence, leave first must be sought in the Supreme Court.**

¶33.    This is a death-penalty case that has been subject to a direct appeal, UPCCRA litigation, and federal habeas review.  Accordingly, the UPCCRA and the procedural rules applicable to death-sentenced inmates established by this Court in Rule 22(c) of the Rules of Appellate Procedure require Crawford to file an application with this Court seeking leave

_____

[2] Crawford's attorney in this case was the inmates' attorney in ***Knox***.

to proceed in the trial court with a petition for post-conviction relief. Miss. Code Ann. § 99-39-27 (Rev. 2015); Miss. R. App. P. 22(c)(5). Crawford cannot circumvent this requirement by labeling his claim a "Section 1983 action." Nor does the Supremacy Clause bar this Court from imposing neutral rules of judicial administration on Crawford's attempt to seek a federal remedy in state court. As a general rule, States "have great latitude to establish the structure and jurisdiction of their own courts. In addition, States may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law."*Howlett v. Rose*, 496 U.S. 356, 372, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990) (quotation and citations omitted). Crawford's complaint seeks a determination of constitutional law and an injunction prohibiting the State from executing him in a particular way. Through the enactment of the UPCCRA, the Legislature has decided that, under the facts of this case, this Court has exclusive subject-matter jurisdiction over such a claim, as well as the exclusive authority to grant the relief Crawford seeks.

**CONCLUSION**

¶34. Because Crawford's method-of-execution claim is a collateral attack on his death sentence, he is bound by the procedural provisions of the UPCCRA and Rule 22, which require him to file his claim with this Court in the first instance. Thus, I would find that the trial court reached the correct result in dismissing Crawford's complaint. For these reasons, I respectfully dissent.

**RANDOLPH, P.J., AND BEAM, J., JOIN THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.**

**MAXWELL, JUSTICE, DISSENTING:**

16

¶35. I agree the circuit court's stated reason for dismissing Crawford's complaint was wrong—something even the State concedes. But dismissal was still the right result. Despite its characterization, Crawford's complaint does not plead a cognizable Section 1983[3] method-of-execution claim, because Crawford failed to allege a known and available alternative execution procedure. Because there is no reason to remand a fatally defective complaint back to circuit court, I dissent.

¶36. As the majority points out, in *Hill v. McDonough*, the United States Supreme Court recognized that a claim that merely challenges the *method* of execution—versus execution itself—may be brought under Section 1983. *Hill*, 547 U.S. 573, 126 S. Ct. 2096, 165 L. Ed. 2d 44 (2006). But the majority neglects to mention that, since *Hill*, the Supreme Court has more clearly distinguished the substantive elements of an Eighth Amendment method-of-execution challenge—as opposed to a claim seeking habeas corpus relief. *Glossip v. Gross*, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015); *Baze v. Rees*, 553 U.S. 35, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008).

¶37. In *Hill*, the Supreme Court cautioned that, "[i]f the relief sought *would foreclose execution*, recharacterizing a complaint as an action for habeas corpus might be proper." *Hill*, 547 U.S. at 582, 126 S. Ct. at 2103 (emphasis added). But because the relief sought in that case "appear[ed] to leave the State free to use an alternative lethal injection procedure," the Supreme Court permitted the method-of-execution challenge to proceed. *Hill*, 547 U.S.

---

[3] 42 U.S.C. § 1983.

at 580-81, 126 S. Ct. at 2102 ("Under these circumstances a grant of injunctive relief could not be seen as barring the execution of Hill's sentence.").

¶38.    But in *Baze*, the Supreme Court took the opportunity to specifically "address[] the substantive elements of an Eighth Amendment method-of-execution claim[.]" *Glossip*, 135 S. Ct. at 2739 (emphasis added) (discussing *Baze*, 553 U.S. 35, 128 S. Ct. 1520).  And in doing so, "it made clear that the Eighth Amendment requires a prisoner *to plead and prove a known and available alternative*." *Id.*  Following *Baze*, the Supreme Court rejected a method-of-execution claim in *Glossip* because it "failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of execution claims." *Glossip*, 135 S. Ct. at 2731.

¶39.    Like *Glossip*, Crawford's complaint does not contain this required substantive element of an Eighth Amendment method-of-execution claim.  Crawford has not alleged there exists a drug *readily available to the MDOC* that would significantly reduce the risk of pain during his execution.  Nor has he identified any other alternative execution method that is *feasible and readily implemented*.  So he fails to meet even the minimal pleading requirement.

¶40.    Instead, what Crawford does allege is that the MDOC's drug protocol carries risks that the anesthetic *may* be "sub-potent" and cause him to feel effects of the other drugs administered to carry out his death sentence.  But this allegation, even if true, falls short of establishing an Eighth Amendment method-of-execution claim.  *See Baze*, 553 U.S. at 50, 128 S. Ct. at 1531.  "[B]ecause it is settled that capital punishment is constitutional," the Supreme Court has reasoned that "it necessarily follows that there must be a constitutional

18

means of carrying it out." *Glossip*, 135 S. Ct. at 2732-33 (quoting *Baze*, 547 U.S. at 47, 128 S. Ct. at 1529). And "[s]imply because an execution method may result in pain, either by accident or as an inescapable consequence, does not establish the sort of 'objectively intolerable risk of harm' that qualifies as cruel and unusual." *Baze*, 553 U.S. at 50, 128 S. Ct. at 1531. Rather, what qualifies as cruel and unusual punishment is "the deliberate infliction of pain *for the sake of pain*"—over and above that arising from carrying out the death sentence. *Id.* at 48, 128 S. Ct. at 1530 (emphasis added). So under existing law, for Crawford to establish a method-of-execution claim, he must plead and prove (1) that the State has an "alternative procedure . . . [that is] feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain," and (2) the State "refuses to adopt such an alternative in the face of these documented advantages." *Id.* at 52, 128 S. Ct. at 1532.

¶41. Here, Crawford has made no such assertions. So on its face, his complaint does not plead an Eighth Amendment method-of-execution claim. Thus, it cannot brought as a Section 1983 action. Instead, I agree with Chief Justice Waller's recharacterization of Crawford's complaint as seeking habeas corpus relief. *See Hill*, 547 U.S. at 582, 126 S. Ct. at 2103. As such, Crawford had to file his complaint with *this Court*, not the circuit court. *See* Miss. Code Ann. § 99-39-7 (Rev. 2015); M.R.A.P. 22. And by no means could Crawford seek his requested relief in chancery court.[4] *Knox v. State*, 75 So. 3d 1030, 1035

---

[4] While the majority dodges this issue, in my view, the chancery court would still lack subject-matter jurisdiction even if Crawford's complaint had asserted a cognizable Section 1983 method-of-execution claim. I agree with the Florida Supreme Court that a Section 1983 method-of-execution claim—though technically civil—is "quasi-criminal." *See*

(Miss. 2011) ("Claims cognizable under the UPCCRA are outside the equity jurisdiction of the chancery court.").

¶42.   Because Crawford's complaint, on its face, substantively and procedurally fails, the circuit court's judgment reached the right result—dismissal—and should be affirmed. Therefore, I dissent.

**WALLER, C.J., JOINS THIS OPINION. RANDOLPH, P.J., AND BEAM, J., JOIN THIS OPINION IN PART.**

---

***Darling v. State***, 45 So. 3d 444, 452-53 (Fla. 2010).  And as a matter of Mississippi constitutional law, "chancery courts do not hear criminal cases[.]"  ***In re Bell***, 962 So. 2d 537, 543 (Miss. 2007) (citing  Miss. Const. art. 6, § 159).  Consequently, they lack "the jurisdiction to enjoin . . . or to otherwise interfere with" criminal sentences, including executions.  ***Id.*** at 540.