# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-02811-SCT

*IN THE MATTER OF THE ESTATE OF ANTHONY WALKER SMITH, DECEASED:*
*W. E. DAVIS, ADMINISTRATOR,*
*FIRST SECURITY BANK AND*
*BANK OF HOLLY SPRINGS*

*v.*

*RAYMOND SMITH AND RUTH SMITH*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/24/2003 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN T. LAMAR, JR. |
| | BRYAN E. DYE |
| | WILLIAM F. SCHNELLER |
| ATTORNEYS FOR APPELLEES: | JOHN B. TURNER |
| | M. DARIN VANCE |
| | WILLIAM A. BASKIN |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | REVERSED AND REMANDED - 01/20/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., GRAVES AND DICKINSON, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     When Anthony W. Smith died without a will, he had three life insurance policies in full force and effect. The aggregate value of the proceeds of these policies was $2,155,000. The beneficiaries were Raymond Smith, Anthony's father, who received $2,000,000; Ruth Smith, Anthony's ex-wife, who received $125,000; and Vickie Smith, Anthony's wife at the time of

his death, who received $30,000. Raymond filed a petition in the Chancery Court of DeSoto County seeking a declaratory judgment from the chancery court that: (a) the administrator of Anthony's estate must first pay any estate taxes out of the estate; and (b) if the estate did not have enough funds to pay the taxes in full, only then could the administrator seek contributions from the three life insurance proceeds beneficiaries. W. E. Davis, as administrator of Anthony's estate, responded that the tax liability of the estate increased substantially because of the pay-out of $2,000,000 of the life insurance proceeds. He averred that the beneficiaries' proportionate tax liability amounted to $561,354 for Raymond; and $35,085 for Ruth,[1] and that Raymond and Ruth should be ordered to interplead these amounts into the registry of the court. Davis also argued that, without the amount of the insurance proceeds added in, the estate would not have had any estate tax liability, so the *entire* tax liability should be paid by the insurance beneficiaries.

¶2.    After a hearing, the chancellor found that (1) the gross value of the estate was $9,395,811, including the insurance proceeds; (2) at that time the estate had a tax liability of $596,439, but all of the estate's assets had not been secured and valued; (3) the estate could recover from the insurance beneficiaries a portion of the tax liability, but it could not recover the full tax liability; (4) to impose all of the tax liability on the insurance beneficiaries would be inequitable inasmuch as other valuable, unencumbered assets of the estate would not be taken into consideration; (5) each insurance beneficiary should contribute toward the estate tax liability a percentage of the insurance proceeds equal to the proportion of the insurance

---

[1]The $30,000 received by Vickie was not taxable because she was the surviving spouse.

proceeds to the value of the gross estate, meaning Raymond must pay 21.8% of the tax liability because the insurance proceeds paid to him constituted 21.8% of the gross estate, and that Ruth must pay 1.3% of the tax liability because the insurance proceeds paid to her constituted 1.3% of the gross estate; and (6) Raymond owed $130,023 (21.8% of the tax liability) and Ruth owed $7,753 (1.3% of the tax liability) to the estate.

## DISCUSSION

¶3.      Miss. Code Ann. § 27-10-7 (Rev. 2003) provides that estate tax liability shall be apportioned "in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate," meaning that apportionment would be based on the gross estate. However, Miss. Code Ann. § 27-10-21 (Rev. 2003) provides as follows:

> If the liabilities of persons interested in the estate as prescribed by this chapter differ from those which result under the Federal Estate Tax Law, the liabilities imposed by the federal law will control and the balance of this chapter shall apply as if the resulting liabilities had been prescribed herein.

26 U.S.C. § 2206[2] provides that if an estate consists of assets which include, inter alia, the proceeds of life insurance policies, the beneficiaries of the proceeds are liable for "such portion of the total tax paid as the proceeds of such policies bear to the taxable estate," meaning that apportionment would be based on the taxable estate.

¶4.     Therefore, because federal law controls, the apportionment of the estate's tax liability should be based on the amount of the taxable estate, not the gross estate as the chancellor held. *See, e.g.,* **Estate of Cohen v. Crown**, 954 S.W.2d 409, 411-12 (Mo. Ct. App. 1997) (federal tax law controls on issue of apportionment of tax liability when life insurance proceeds are part of an estate's assets).

¶5.     Smith argues that equity demands that the apportionment be based on the gross estate, not the taxable state.   However, courts have consistently held that under the equitable doctrine that "equity follows the law," courts of equity cannot modify or ignore an unambiguous

---

[2]26 U.S.C. § 2206 provides as follows:

> **Liability of life insurance beneficiaries.**  Unless the decedent directs otherwise in his will, if any part of the gross estate on which tax has been paid consists of proceeds of policies of insurance on the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds of such policies bear to the taxable estate.  If there is more than one such beneficiary, the executor shall be entitled to recover from such beneficiaries in the same ratio.  In the case of such proceeds receivable by the surviving spouse of the decedent for which a deduction is allowed under section 2056 (relating to marital deduction), this section shall not apply to such proceeds except as to the amount thereof in excess of the aggregate amount of the marital deductions allowed under such section.

statutory principle in an effort to shape relief. *In re Estate of Miller*, 840 So. 2d 703, 708 (Miss. 2003).

## CONCLUSION

¶6.     We reverse the chancellor's decision to apportion tax liability to the life insurance beneficiaries based on the gross estate, rather than the taxable estate. We remand this matter to the chancellor to determine the amount of the taxable estate and then to apportion the tax liability according to this opinion.

¶7.     **REVERSED AND REMANDED.**

**SMITH, C.J., COBB, P.J., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**