# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CA-00814-SCT

*STEVE KNOX, MICHELLE BYROM, BLAYDE GRAYSON, BENNY JOE STEVENS, GERALD HOLLAND, JAN MICHAEL BRAWNER, RODNEY GRAY, JEFFREY HAVARD, RICHARD JORDAN, THONG LE, WILLIE MANNING, WILLIAM MITCHELL, STEPHEN POWERS, LARRY MATTHEW PUCKETT, GARY CARL SIMMONS, AND ALAN DALE WALKER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/2010 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JAMES W. CRAIG |
| | BRIAN F. MCDONOUGH |
| | GERALD S. HARTMAN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: HAROLD EDWARD PIZZETTA, III |
| | MARVIN L. WHITE, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 12/01/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., CHANDLER AND KING, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     On May 6, 2010, sixteen death-sentenced inmates, including Steve Knox, Michelle Byrom, Blayde Grayson, Benny Joe Stevens, Gerald Holland, Jan Michael Brawner, Rodney Gray, Jeffrey Havard, Richard Jordan, Thong Le, Willie Manning, William Mitchell, Stephen

Powers, Larry Matthew Puckett, Gary Carl Simmons, and Alan Dale Walker (the inmates), filed a complaint in the Chancery Court for the First Judicial District of Hinds County.[1] The essence of the inmates' complaint was that, due to defects in both the statutory structure and the performance of the Mississippi Office of Capital Post-Conviction Counsel (MOCPCC), they were deprived of their right to obtain meaningful state post-conviction and federal habeas corpus review of their convictions and death sentences.

¶2.     The inmates requested injunctive relief against the State of Mississippi due to alleged violations of their rights to competent, appointed, post-conviction counsel. In particular, the inmates requested that the chancery court enjoin the State from opposing the filing of a successive petition for post-conviction relief in each inmate's case, from requesting execution dates for any of them, and from opposing a stay of execution in any case involving one of the inmates. The State moved to dismiss for lack of jurisdiction. After a hearing, the chancery court found that it lacked subject matter jurisdiction over the complaint because the inmates' "attack on the death sentences and post-conviction judicial reviews of [their] convictions" was cognizable under the Uniform Post-Conviction Collateral Relief Act (UPCCRA). The chancery court dismissed the complaint.

¶3.     We affirm. The chancery court lacks jurisdiction over the inmates' claims because those claims are embraced by the UPCCRA.

**FACTS**

I. The inmates' claims

---

[1] Since the complaint was filed, appellants Gerald Holland, Rodney Gray, and Benny Joe Stevens have been executed pursuant to their sentences of death.

¶4. The inmates argue that the deficient performance of MOCPCC violated their right to the effective assistance of post-conviction counsel in their death-penalty cases. *See **Puckett v. State***, 834 So. 2d 676, 680 (Miss. 2002); ***Jackson v. State***, 732 So. 2d 187, 190-91 (Miss. 1999). Effective July 1, 2000, the Legislature created MOCPCC to provide appointed post-conviction counsel to death-row inmates. Miss. Code Ann. § 99-39-105 (Rev. 2007). The governing legislation gave the Chief Justice of this Court the authority to appoint the director of MOCPCC, with the approval of a majority of justices voting, for a term of four years. Miss. Code Ann. § 99-39-103 (Rev. 2007). The statutes gave the Chief Justice supervisory and termination authority over the director and required the director to submit monthly reports. Miss. Code Ann. § 99-39-103 (Rev. 2007); Miss. Code Ann. § 99-39-115 (Rev. 2007). However, the Legislature amended Section 99-39-103 effective March 16, 2009, to grant the Governor, with the advice and consent of the Senate, the power to appoint and remove the director. Miss. Code Ann. § 99-39-103 (Supp. 2011); *see also* §§ 99-39-107; 99-39-115 (Supp. 2011).

¶5. The inmates alleged that the Legislature's grant of the power to the Chief Justice of the Supreme Court to appoint, supervise, and remove the director of MOCPCC violated the separation-of-powers clause of the Mississippi Constitution. Miss. Const. art 1, §2. They argued that the unconstitutional statutory structure of the office resulted in its provision of ineffective assistance of counsel. As redress for this harm, the inmates sought an opportunity to present new post-conviction claims through a properly-structured MOCPCC.

¶6. According to the inmates, the director had filed inadequate motions for post-conviction relief in their cases without conducting an adequate investigation into the guilt

and sentencing phases of the trials and without raising all meritorious claims. The inmates alleged that MOCPCC's omissions amounted to a failure to provide meaningful post-conviction representation, that the State had denied them due process of law, and that they had been denied meaningful access to the court system. They sought the following relief from the chancery court: (1) a declaration that their rights to competent and conscientious post-conviction counsel and to meaningful access to the court system have been violated; (2) a preliminary and permanent injunction requiring the State to provide competent and conscientious post-conviction counsel in subsequent proceedings; (3) a preliminary and permanent injunction requiring the State to permit them to file successive motions for post-conviction relief, and to have those motions decided on the merits; (4) a preliminary and permanent injunction enjoining the State from arguing their claims are procedurally barred, exhausted, or defaulted; (5) a declaration that MOCPCC had violated the separation-of-powers provisions of the Mississippi Constitution; (6) a preliminary and permanent injunction requiring that the executive appoint the director of MOCPCC; (7) a permanent injunction requiring MOCPCC to prepare semiannual reports for the next five years demonstrating it is providing competent counsel; (8) a permanent injunction providing for the appointment of an independent monitor to oversee the State's actions in directing and administering the work of MOCPCC; (9) an award of attorney's fees and costs; and (10) any further relief deemed just, equitable, and proper.

¶7.    On May 8, 2010, the inmates filed a Motion for a Temporary Restraining Order, a Preliminary Injunction, and an Expedited Hearing on Plaintiff's Motion for a Preliminary Injunction Combined with a Trial on the Merits, along with a supporting memorandum of

4

law. The inmates attached the affidavits of former directors C. Jackson Williams and Robert Ryan, attesting that MOCPCC had been overworked, understaffed, and underfunded. In his affidavit, Ryan stated that when he became the director, MOCPCC had twenty-seven cases. Ryan stated that he had not had time to file funding requests, conduct full investigations, or adequately research issues. The inmates also attached the supporting affidavits of other MOCPCC employees.

¶8. The State filed a motion to dismiss for lack of subject-matter jurisdiction. According to the State, the claims raised by the inmates fell squarely within the UPCCRA. Therefore, the State argued, the chancery court lacked subject-matter jurisdiction.

## II. The chancery court's ruling

¶9. The chancery court ruled that it lacked subject matter jurisdiction over the inmates' claims. The chancery court noted that matters cognizable under the UPCCRA should be decided under that statute, and that the inmates' claims were, in reality, an attack on the post-conviction review of their convictions and death sentences under Mississippi Code Section 99-39-5. Miss. Code Ann. § 99-39-5 (Supp. 2011). Therefore, the chancery court held, the inmates' claims could be litigated only under the terms of the UPCCRA. The chancery court recognized that, under the UPCCRA, when a conviction and sentence have been affirmed on direct appeal, a motion shall not be filed in the trial court without an order from the Supreme Court directing the filing of the motion. Miss. Code Ann. § 99-39-7 (Supp. 2011). Because each inmate's conviction and sentence had been reviewed on direct appeal, and no permission had been sought for filing a motion, the chancery court found that it lacked

5

jurisdiction to consider any argument cognizable under the UPCCRA.[2] For these reasons, the chancery court granted the State's motion to dismiss and denied the inmates' motion for a temporary restraining order and permanent injunction.

**DISCUSSION**

I. Standard of review

¶10. Subject-matter jurisdiction is a threshold inquiry that must be resolved before the court adjudicates the merits of a case. *Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 821 (Miss. 2009). This Court reviews de novo the dismissal of an action for lack of subject-matter jurisdiction. *Id.* A facial attack on subject-matter jurisdiction is an argument that the court lacks jurisdiction as a matter of law, regardless of the determination of factual disputes. *Roman Catholic Diocese v. Morrison*, 905 So. 2d 1213, 1220 (Miss. 2005). When, as here, there is a facial attack on subject-matter jurisdiction, the allegations in the plaintiff's complaint are taken as true. *Schmidt*, 18 So. 3d at 822. However, "[w]hen a plaintiff's allegations of jurisdiction are questioned, the plaintiff bears the burden to prove jurisdiction by a preponderance of the evidence." *Id.* (citing *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416, 418 (5th Cir. 1972)).

II. Analysis

¶11. We hold that the chancery court lacked subject matter jurisdiction over the inmates' claims because those claims are properly asserted under the UPCCRA. While circuit courts

---

[2] By statute, motions for post-conviction relief not filed in the Supreme Court are filed as an original civil action in the trial court, not in chancery court. Miss. Code Ann. § 99-39-7 (Supp. 2011).

6

are courts of general jurisdiction, with "original jurisdiction in all matters civil and criminal in this state not vested in another court," chancery courts are courts of limited jurisdiction. *Lawrence County Sch. Dist. v. Brister*, 823 So. 2d 459, 460 (Miss. 2001) (citing Miss. Const. art. 6, §§ 156, 159). The Mississippi Constitution states that the chancery court shall have jurisdiction over the following cases:

(a) All matters in equity;

(b) Divorce and alimony;

(c) Matters testamentary and of administration;

(d) Minors' business;

(e) Cases of idiocy, lunacy, and persons of unsound mind;

(f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.

Miss. Const. art. 6, § 159. All cases brought in chancery court but under the exclusive jurisdiction of the circuit court must be transferred to the circuit court. Miss. Const. art. 6, § 162.

¶12.    The chancery court's power to grant injunctive relief rests upon the inadequacy of a remedy at law. *A-1 Pallet Co. v. City of Jackson*, 40 So. 3d 563, 568 (Miss. 2010). It is a cornerstone of equity jurisdiction that "equity follows the law," and "courts of equity cannot modify or ignore an unambiguous statutory principle in an effort to shape relief." *In re Estate of Smith*, 891 So. 2d 811, 813 (Miss. 2005) (citing *In re Estate of Miller*, 840 So. 2d 703, 708 (Miss. 2003)). The UPCCRA contains an exclusivity provision. Miss. Code Ann. § 99-39-3 (Rev. 2007). "The purpose [of the UPCCRA] is to revise, streamline and clarify

7

the rules and statutes pertaining to post-conviction relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences." *Id.* A pleading cognizable under the UPCCRA will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading. *Edmond v. Miss. Dep't of Corrections*, 783 So. 2d 675, 677 (Miss. 2001); *Grubb v. State*, 584 So. 2d 786, 788 (Miss. 1991). Claims cognizable under the UPCCRA are outside the equity jurisdiction of the chancery court. Miss. Code Ann. § 99-39-3 (Rev. 2007); Miss. Const. art. 6, § 159. A motion for post-conviction relief must be filed in circuit court unless, as in the instant case, a conviction and sentence have been affirmed on direct appeal. Miss. Code Ann. § 99-39-7 (Supp. 2011). Then, a motion shall not be filed in the trial court without an order from the Supreme Court directing the filing of the motion. *Id.*

¶13. The inmates cite *State v. Quitman County*, 807 So. 2d 401 (Miss. 2001), in support of their assertion that the chancery court has jurisdiction. In *Quitman County*, the county sued the State in circuit court for declaratory and injunctive relief, arguing that statutes requiring the county to fund indigent defense were unconstitutional because they resulted in "chronic underfunding and systemic ineffective assistance of counsel in Quitman County." *Id.* at 408. This Court stated that the crux of the county's complaint was "the State's failure to remedy the alleged systemic ineffective assistance of counsel." *Id.* On appeal, the State argued that the county had failed to state a claim for which relief could be granted. *Id.* at

8

406. This Court held that "taking as true the well-pled allegations of the County's complaint, such systemic constitutional deficiencies would entitle the County to relief." *Id.* at 410.

¶14.    Relying on *Quitman County*, the inmates argue that the chancery court had jurisdiction because they seek a remedy for systemic deficiencies in the State's laws and practices related to the provision of post-conviction counsel for death-sentenced prisoners, and that these systemic deficiencies resulted in their receipt of ineffective assistance of counsel. We find that *Quitman County* is distinguishable from the instant case. As the State argues, in *Quitman County*, the county sought prospective relief from the legal burden of funding indigent defense. But the inmates' complaint fundamentally seeks relief in the form of the ability to pursue fresh post-conviction proceedings with the assistance of competent counsel and no opposition from the State. An examination of the inmates' prayer for relief reveals that, in fact, their claims are fully cognizable under the UPCCRA; therefore, they are outside the equity jurisdiction of the chancery court. *See* Miss. Code Ann. § 99-39-3 (Rev. 2007); Miss. Const. art. 6, § 159.

¶15.    The UPCCRA promulgates specific procedures for the adjudication of ineffective-assistance-of-counsel claims. Under the UPCCRA, when this Court already has affirmed or dismissed a petitioner's direct appeal, the motion for post-conviction relief must be presented to a quorum of justices to determine whether to allow filing of the motion in the trial court. Miss. Code Ann. § 99-39-7 (Supp. 2011). When this Court is presented with an application to file a motion for post-conviction relief, the Court shall deny relief unless the claims are not procedurally barred and they make a substantial showing of the denial of a state or federal right. Miss. Code Ann. § 99-39-27 (Supp. 2011). Absent an applicable exception,

9

a successive motion for post-conviction relief is procedurally barred. Miss. Code Ann. § 99-39-23(6) (Supp. 2011); *Rowland v. State*, 42 So. 3d 503, 507 (Miss. 2010). This Court, in its discretion, may order the Attorney General to respond, and the Court may not grant relief unless the Attorney General has been given at least five days to respond. *Id.*

¶16. The relief requested by the inmates would require the chancery court to interfere with these statutory procedures. The inmates seek a preliminary and permanent injunction requiring the State to permit them to file successive motions for post-conviction relief. They request an injunction preventing the State from raising its defenses that any claims raised in a successive pleading are procedurally barred, exhausted, or defaulted. This would require the chancery court to contravene the UPCCRA by determining what defenses could be raised in proceedings before this Court on an application to file a successive motion for post-conviction relief under Section 99-39-27. Such a determination is plainly outside the equity jurisdiction of the chancery court. Miss. Code Ann. § 99-39-3 (Rev. 2007); *Estate of Smith*, 891 So. 2d at 813.

¶17. The inmates argue that the chancery court is empowered to decide whether their rights to the assistance of competent and conscientious counsel in their death-penalty, post-conviction proceedings and to meaningful access to the court system have been violated by the statutory structure and the actions and inactions of MOCPCC. But the remedy they seek based on a favorable determination of this claim is the filing of unopposed applications to file successive motions for post-conviction relief. The procedures for filing an application to file a successive motion for post-conviction relief are prescribed by the UPCCRA. Miss. Code Ann. § 99-39-27 (Supp. 2011).

10

¶18.   Under Section 99-39-27, this Court is fully capable of considering the inmates' claims in individual applications to file a motion for post-conviction relief.  In fact, this Court already has considered individual applications to file successive motions for post-conviction relief filed by Earl Wesley Berry and Dale Leo Bishop.  *Berry v. State*, 2008-DR-00717 (order entered May 5, 2008); *Bishop v. State*, 2008-DR-1122 (order entered July 9, 2008). Because the inmates' claims plainly are cognizable under the UPCCRA, the chancery court lacked subject-matter jurisdiction.  Miss. Code Ann. § 99-39-3 (Rev. 2007).  This Court is the only state court with jurisdiction over these claims.  Miss. Code Ann. § 99-39-27 (Supp. 2011).

## CONCLUSION

¶19.   The inmates' claims are embraced by the UPCCRA; therefore, the chancery court lacked subject matter jurisdiction.  We affirm.

¶20.   **AFFIRMED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, PIERCE AND KING, JJ., CONCUR**.