WALLER, CHIEF JUSTICE,
DISSENTING:
¶ 26. It is clear that Crawford’s claims fall squarely within the purview of the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA). Crawford’s effort to disguise a collateral attack on his sentence as a civil-rights lawsuit under Section 1983 adds yet another avenue or layer of litigation to obfuscate and confuse the orderly administration of justice. Because the Section 1983 action filed by Crawford in chancery court is nothing more than an attempt to skirt the procedural requirements of the UPCCRA, I respectfully dissent.
DISCUSSION
I. Cases discussing the relationship between federal habeas corpus and Section 1983 are inapplicable to the instant case.
¶27. It is inescapable that Crawford’s method-of-execution claim is a collateral *51 attack on his death sentence. Therefore, this case is controlled by the UPCCRA, the “exclusive and uniform procedure for the collateral review of convictions and sentences.” Miss. Code Ann. § 99-39-3(1) (Rev. 2015). Indeed, Crawford concedes that he could have filed his claim as a petition for post-conviction relief under the UPCCRA. Nevertheless, the majority finds that Crawford is not bound by the UPCCRA because Crawford “filed his civil action pursuant to 42 U.S.C. § 1983[.]” But the label ascribed to Crawford’s claim does not change its substance, as Section 1983 “is not itself a source of substantive rights.” Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).
¶ 28. In support of its holding that Crawford’s attack on his death sentence may proceed as a Section 1983 action independent of the UPCCRA, the majority relies on the United States Supreme Court’s holdings in Nelson v. Campbell, 541 U.S. 637, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004), and Hill v. McDonough, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006), which were based on principles of federal law which have no application to this case. Critically, the inmates in Nelson and Hill filed challenges to their death sentences in federal court, not state court. This distinction is important because “[flederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus ... and a complaint under [Section 1983].” Hill v. McDonough, 547 U.S. 573, 579, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). Thus, the question presented in Nelson and Hill was whether the inmates’ method-of-execution claims were required to be filed as habeas corpus proceedings, or whether they could proceed as actions for relief under Section 1983. The basis for the Court’s holding that the inmates’ claims could proceed under Section 1983 was the fact that those claims, if successful, would not invalidate their sentences. See Nelson, 541 U.S. at 643; Hill, 547 U.S. at 580-81, 126 S.Ct. 2096. Their claims, therefore, were removed from the narrow scope of habeas corpus. “Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner.” Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), overruled in part on other grounds in Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L.Ed. 2d 594 (1977). Put another way, federal habeas-corpus relief was unavailable to the inmates in Nelson and Hill. But unlike federal habeas corpus, the UPCCRA is broad enough to encompass the relief Crawford seeks.
¶ 29. The relationship between federal habeas corpus and Section 1983 is irrelevant to Crawford’s case, as he filed his complaint in state court. Additionally, Nelson and Hill do not address the application of state-law, post-conviction procedures, such as the UPCCRA, to Eighth-Amendment, method-of-execution claims filed in state court, such as the instant case. And finally, the UPCCRA does not feature limitations in its scope similar to federal habeas corpus. Accordingly, Hill and Nelson provide no support for the majority’s holding.
II. Crawford’s challenge to his death sentence is controlled by the UP-CCRA.
¶ 30. The UPCCRA applies to “[a]ny person sentenced by a court of record of the State of Mississippi” and allows a petitioner to attack collaterally his or her conviction or sentence “upon any grounds of alleged error heretofore available under any common law, statutory or other writ, *52 motion, petition, proceeding or remedy.” Miss. Code Ann. § 99-39-5(1)® (Rev. 2015). Crawford’s characterization of his method-of-execution claim as a Section 1983 action, rather than a petition for post-conviction relief, is unavailing, as “[a] pleading cognizable under the UPCCRA will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading.” Knox v. State, 75 So.3d 1030, 1035 (Miss. 2011) (citing Edmond v. Miss. Dep’t of Corrs., 783 So.2d 675, 677 (Miss. 2001)). Crawford’s complaint is a collateral attack on his sentence, no matter how peripherally he attempts to characterize it. At the heart of his complaint, Crawford seeks to enjoin the State from executing him in a certain manner, without offering a readily available and constitutionally adequate alternative. Thus, while his complaint does not attack directly the general validity of his death sentence, it has the same practical effect under the facts presented.
¶ 31. This Court has reviewed similar claims under the UPCCRA. In Spicer v. State, 973 So.2d 184, 207 (Miss. 2007), a death-row inmate sought leave to seek post-conviction relief on the ground that “the use of pavulon, the second drug in Mississippi’s lethal injection protocol, ... amounts to an unconstitutional prior restraint on speech” in violation of the First Amendment. He also raised an Eighth-Amendment claim challenging the State’s use of sodium pentothal, the first drug in Mississippi’s lethal-injection protocol at the time. Id. This Court reviewed the merits of the prisoner’s claims and found his lethal-injection challenges to be without merit; however, this Court granted the prisoner’s petition in part on a separate issue and allowed him to proceed in the trial court with an evidentiary hearing. Id. at 211. See also Chamberlin v. State, 55 So.3d 1046, 1056 (Miss. 2010) (finding petitioner’s method-of-execution claim to be procedurally barred under the UPCCRA); King v. State, 23 So.3d 1067, 1071 (Miss. 2009) (same); Jordan v. State, 918 So.2d 636, 661-62 (Miss. 2005) (same).
¶ 32. In addition, this Court has rejected litigants’ attempts to file claims cognizable under the UPCCRA in chancery court on the sole ground that they sought equitable relief. For example, in Knox, a group of inmates filed a complaint in chancery court alleging violations of their constitutional rights to counsel and requesting various equitable relief, including an injunction requiring the State to appoint them competent post-conviction counsel and allowing them to file successive petitions for post-conviction relief.[2] Knox, 75 So.3d at 1032. The chancery court dismissed the case, finding that it lacked subject-matter jurisdiction. Id. at 1034. This Court affirmed the chancery court’s dismissal, holding that the inmates’ claims were cognizable under the UPCCRA, and finding that the relief requested by the inmates would require the chancellor to interfere with, and even contravene, the UPCCRA’s procedural provisions. Id. at 1035-36. This Court concluded that it was “fully capable of considering the inmates’ claims in individual applications to file a motion for post-conviction relief.” Id. at 1036.
III. Because Crawford seeks to invalidate his death sentence, leave first must be sought in the Supreme Court.
¶33. This is a death-penalty case that has been subject to a direct appeal, UP-CCRA litigation, and federal habeas review. Accordingly, the UPCCRA and the *53 procedural rules applicable to death-sentenced inmates established by this Court in Rule 22(c) of the Rules of Appellate Procedure require Crawford to file an application with this Court seeking leave to proceed in the trial court with a petition for post-conviction relief. Miss. Code Ann, § 99-39-27 (Rev. 2015); Miss. R. App. P. 22(c)(5). Crawford cannot circumvent this requirement by labeling his claim a “Section 1983 action.” Nor does the Supremacy Clause bar this Court from imposing neutral rules of judicial administration on Crawford’s attempt to seek a federal remedy in state court. As a general rule, States “have great latitude to establish the structure and jurisdiction of their own courts. In addition, States may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law.” Rowlett v. Rose, 496 U.S. 356, 372, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990) (quotation and citations omitted). Crawford’s complaint seeks a determination of constitutional law and an injunction prohibiting the State from executing him in a particular way. Through the enactment of the UPCCRA, the Legislature has decided that, under the facts of this case, this Court has exclusive subject-matter jurisdiction over such a claim, as well as the exclusive authority to grant the relief Crawford seeks.
CONCLUSION
¶ 34. Because Crawford’s method-of-execution claim is a collateral attack on his death sentence, he is bound by the procedural provisions of the UPCCRA and Rule 22, which require him to file his claim with this Court in the first instance. Thus, I would find that the trial court reached the correct result in dismissing Crawford’s complaint. For these reasons, I respectfully dissent.
RANDOLPH, P.J., AND BEAM, J., JOIN THIS OPINION. MAXWELL, J., JOINS THIS OPINION IN PART.

. Crawford’s attorney in this case was the inmates’ attorney in Knox.