MAXWELL, JUSTICE,
DISSENTING:
¶ 35. I agree the circuit court’s stated reason for dismissing Crawford’s complaint was -wrong—something even the State concedes. But dismissal was still the right result. Despite its characterization, Crawford’s complaint does not plead a cognizable Section 1983[3] method-of-execution claim, because Crawford failed to allege a known and available alternative execution procedure. Because there is no reason to remand a fatally defective complaint back to circuit court, I dissent.
¶ 36. As the majority points out, in Hill v. McDonough, the United States Supreme Court recognized that a claim that merely challenges the method of execution—versus execution itself—may be brought under Section 1983. Hill, 547 U.S. 573, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). But the majority neglects to mention that, since Hill, the Supreme Court has more clearly distinguished the substantive elements of an Eighth Amendment method-of-execution challenge—as opposed to a claim seeking habeas corpus relief, Glossip v. Gross, — U.S. -, 135 S.Ct. 2726, 192 L.Ed.2d 761 (2015); Base v. Rees, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008).
¶ 37. In Hill, the Supreme Court cautioned that, “[i]f the relief sought would foreclose execution, recharacterizing a complaint as an action for habeas corpus might be proper.” Hill, 547 U.S. at 582, 126 S.Ct. at 2103 (emphasis added). But because the relief sought in that case “appeared] to leave the State free to use an *54 alternative lethal injection procedure,” the Supreme Court permitted the method-of-execution challenge to proceed. Hill, 547 U.S. at 580-81, 126 S.Ct. at 2102 (“Under these circumstances a grant of injunctive relief could not be seen as barring the execution of Hill’s sentence.”).
¶ 38. But in Baze, the Supreme Court took the opportunity to specifically “address[] the substantive elements of an Eighth Amendment method-of-execution claim[.]” Glossip, 135 S.Ct. at 2739 (emphasis added) (discussing Baze, 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420). And in doing so, “it made clear that the Eighth Amendment requires a prisoner to plead and prove a known and available alternative.” Id. Following Baze, the Supreme Court rejected a method-of-execution claim in Glossip because it “failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of execution claims.” Glossip, 135 S.Ct. at 2731.
¶ 39. Like Glossip, Crawford’s complaint does not contain this required substantive element of an Eighth Amendment method-of-execution claim. Crawford has not alleged there exists a drug readily available to the MDOC that would significantly reduce the risk of pain during his execution. Nor has he identified any other alternative execution method that is feasible and readily implemented. So he fails to meet even the minimal pleading requirement.
¶ 40. Instead, what Crawford does allege is that the MDOC’s drug protocol carries risks that the anesthetic may be “sub-potent” and cause him to feel effects of the other drugs administered to carry out his death sentence. But this allegation, even if true, falls short of establishing an Eighth Amendment method-of-execution claim. See Baze, 553 U.S. at 50, 128 S. Ct. at 1531. “[Bjecause it is settled that capital punishment is constitutional,” the Supreme Court has reasoned that “it necessarily follows that there must be a constitutional means of carrying it out.” Glossip, 135 S.Ct. at 2732-33 (quoting Baze, 553 U.S. at 47, 128 S.Ct. at 1529). And “[sjimply because an execution method may result in pain, either by accident or as an inescapable consequence, does not establish the sort of ‘objectively intolerable risk of harm’ that qualifies as cruel and unusual.” Baze, 553 U.S. at 50, 128 S.Ct. at 1531. Rather, what qualifies as cruel and unusual punishment is “the deliberate infliction of pain for the sake of pain”—over and above that arising from carrying out the death sentence. Id. at 48, 128 S.Ct. at 1530 (emphasis added). So under existing law, for Crawford to establish a method-of-execution claim, he must plead and prove (1) that the State has an “alternative procedure ... [that is] feasible, readily implemented, and in fact significantly reduce[s] a substantial risk of severe pain,” and (2) the State “refuses to adopt such an alternative in the face of these documented advantages.” Id. at 52, 128 S.Ct. at 1532.
¶ 41. Here, Crawford has made no such assertions. So on its face, his complaint does not plead an Eighth Amendment method-of-execution claim. Thus, it cannot brought as a Section 1983 action. Instead, I agree with Chief Justice Waller’s rechar-acterization of Crawford’s complaint as seeking habeas corpus relief. See Hill, 547 U.S. at 582, 126 S. Ct. at 2103. As such, Crawford had to file his complaint with this Court, not the circuit court. See Miss. Code Ann. § 99-39-7 (Rev. 2015); M.R.A.P. 22. And by no means could Crawford seek his requested relief in chancery court.[4] Knox v. State, 75 So.3d *55 1030, 1035 (Miss. 2011) (“Claims cognizable under the UPCCRA are outside the equity jurisdiction of the chancery court.”).
¶42. Because Crawford’s complaint, on its face, substantively and procedurally fails, the circuit court’s judgment reached the right result—dismissal—and should be affirmed. Therefore, I dissent.
WALLER, C.J., JOINS THIS OPINION. RANDOLPH, P.J., AND BEAM, J., JOIN THIS OPINION IN PART.

. 42 U.S.C. § 1983.

. While the majority dodges this issue, in my view, the chancery court would still lack sub *55 ject-matter jurisdiction even if Crawford’s complaint had asserted a cognizable Section 1983 method-of-execution claim. I agree with the Florida Supreme Court that a Section 1983 method-of-execution claim—though technically civil—is "quasi-criminal.” See Darling v. State, 45 So. 3d 444, 452-53 (Fla. 2010). And as a matter of Mississippi constitutional law, "chancery courts do not hear criminal cases[.]” In re Bell, 962 So.2d 537, 543 (Miss. 2007) (citing Miss. Const. art. 6, § 159). Consequently, they lack "the jurisdiction to enjoin ... or to otherwise interfere with” criminal sentences, including executions. Id. at 540.