GLOBAL CONSTRUCTION & EQUIPMENT, L.L.C. AND MICHELLE HEBERT

VERSUS

RATHBORNE PROPERTIES, L.L.C.

C/W

RATHBORNE PROPERTIES, L.L.C.

VERSUS

GLOBAL SOLUTION ENTERPRISES, L.L.C.

NO. 18-CA-169
C/W
18-CA-170

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 753-933, DIVISION "H"
HONORABLE GLENN B. ANSARDI, JUDGE PRESIDING

May 29, 2019

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and Hans J. Liljeberg

**AFFIRMED IN PART; REVERSED IN PART**
    **RAC**
    **SJW**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
GLOBAL CONSTRUCTION & EQUIPMENT, L.L.C. AND MICHELLE
HEBERT
    Patrick H. Patrick
    Stephen E. Mattesky

COUNSEL FOR DEFENDANT/APPELLANT,
RATHBORNE PROPERTIES, L.L.C.
    Jacob Kansas

**CHAISSON, J.**

In these two consolidated cases arising out of a disputed commercial property lease agreement and a writ of sequestration, Rathborne Properties, LLC ("Rathborne") appeals a judgment of the trial court holding it liable to Michelle Hebert and her company, Global Solutions Enterprises, LLC ("Global"), in the amount of $25,680.94. For the following reasons, we affirm in part and reverse in part the judgment of the trial court, and amend the judgment accordingly.

FACTS AND PROCEDURAL HISTORY

On January 6, 2006, Global, a limited liability company owned by Michelle Hebert, entered into a lease for commercial warehouse and office space owned by Rathborne in Harvey, Louisiana.[1] Although Global paid its rent late on intermittent occasions from 2006 to 2015, the parties continued in their lease agreement. Beginning around May, 2015, Global began missing rent payments. In August, 2015, Rathborne made a demand for delinquent payments upon Ms. Hebert and Global by correspondence, which was followed several days later by a notice to vacate the premises. On September 11, 2015, Ms. Hebert notified Rathborne that her businesses would be vacating the premises by October 15, and that all sums owed to Rathborne would be paid before departing the premises. An agent for Rathborne acknowledged receipt of that notice and contacted Ms. Hebert to make arrangements to show the property to prospective tenants and place a "for lease" sign on the property. There were no further communications between Ms. Hebert and Rathborne.

On September 29, 2015, Rathborne filed a writ of sequestration, which was executed on October 1, 2015, by Jefferson Parish Sheriff's deputies and

---

[1] Between 2006 and 2015, another corporation owned by Ms. Hebert, Global Construction & Equipment, LLC, operated out of the leased premises and paid rent to Rathborne. The rights and obligations of Global Solutions Enterprises, LLC and Global Construction & Equipment, LLC *vis-à-vis* the parties were determined in the trial court following various peremptory exceptions filed by Rathborne. For the purposes of resolving the issues raised in this appeal, these two entities are indistinguishable, and therefore will be referred to as "Global" herein.

Rathborne's attorney, who came to the leased premises and proceeded to seize Global's movables. When Ms. Hebert arrived during the course of the seizure, Rathborne's attorney demanded $17,000.00 from her. That same day, Ms. Hebert tendered a cashier's check to Rathborne's attorney in the amount of $16,343.00, and the seizure was halted. The following day, Rathborne sent another notice to vacate the premises as well as a demand for additional money. A letter included with the demand indicated that the Petition for Sequestration and Rule for Possession of Premises would be dismissed because of the $16,343.00 payment. Rathborne never filed for a dismissal.

On October 8, 2015, Global and Ms. Hebert filed a petition for damages in which they alleged that Rathborne, through its agent, had entered into a contractual agreement concerning the payment of rent owed, which Rathborne breached in bad faith in causing the writ of sequestration to be issued. In addition to the return of money paid in excess of the rent owed under the lease agreement, Ms. Hebert and Global sought damages for intentional infliction of emotional distress, unjust enrichment, intentional tort, and abuse of process. The trial court granted a motion to transfer filed by Rathborne to have the case consolidated with the sequestration proceedings. Rathborne also filed peremptory exceptions of no cause of action and no right of action, which were denied by the trial court. On July 15, 2016, Rathborne filed an answer and affirmative defenses to plaintiffs' petition for damages, wherein they refuted the existence of any agreement regarding payment of past due rent prior to the October 15 departure. Rathborne also filed reconventional demands against Global and Ms. Hebert for rent owed for the month of October, 2015, and for damages to the leased premises.

Following a two-day bench trial, the trial court rendered judgment in favor of Ms. Hebert and Global. In its reasons for judgment, the trial court found that a contract had been formed between the parties regarding the payment of past due

rent and the date that Global was to vacate the premises, and that the writ of sequestration was therefore wrongfully issued in violation of that agreement. Rathborne was ordered to pay $27,784.27, a sum which includes the difference between the delinquent rent owed and what Ms. Hebert paid to stop the sequestration, attorney's fees due for wrongful sequestration under La. C.C.P. art. 3506, and general damages to Ms. Hebert individually. The trial court further found that Global had caused $2,103.33 in damages to the leased premises and awarded Rathborne that amount, making the total award from Rathborne to Global and Ms. Hebert the sum of $25,680.94. Rathborne filed a motion for a new trial which was denied by the trial court. This timely appeal follows.

On appeal, Rathborne raises multiple assignments of error which generally concern the following issues: 1) the existence of an agreement to forebear, or promise of payment between the parties; 2) the award of general damages to Ms. Hebert; 3) the amount of the award for damages to the property; and 4) the award of attorney's fees. In response, Global and Ms. Hebert filed an answer to Rathborne's appeal seeking an increase in the award of attorney's fees.

DISCUSSION

*Agreement to Forebear*

The existence of a forbearance agreement between the parties directly relates to the trial court's finding that Rathborne had no "good cause" to initiate sequestration proceedings against Global and that the writ of sequestration was therefore wrongfully issued. On appeal, Rathborne argues that the trial court erred in its factual finding that Rathborne agreed to forebear on the payment of delinquent rent owed by Global until such time as Global vacated the leased premises. Specifically, Rathborne disputes that any action, or inaction, on the part of its representatives in response to Ms. Hebert's September 11, 2015 email, indicated acquiescence by Rathborne to Global's proposal for the payment of the

delinquent rent. This argument, which omits any reference to this Court's standard of review, is nearly the same argument made by Rathborne at trial and on the motion for new trial.

It is well settled that a court of appeal may not set aside a trial court's findings of fact in the absence of manifest error, or unless it is clearly wrong, and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.*

A contract is formed by the consent of the parties established through offer and acceptance which may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent. La. C.C. art. 1927. When determining whether a contract has been formed, the trial judge is given discretion to determine if consent to an agreement may be implied from the particular circumstances of each case. *Vignette Publications, Inc. v. Harborview Enterprises, Inc.*, 00-1711 (La. App. 4 Cir. 9/12/01), 799 So.2d 531, 534, citing *McDermott, Inc. (Harvey Supply Div.) v. M–Elec. & Const. Co., Inc.*, 496 So.2d 1105 (La. App. 4 Cir. 10/9/86).

Over the course of the trial, the court heard testimony from both Ms. Hebert and Ms. Annette McDow, the agent for Rathborne with whom Ms. Hebert had communicated in August and September of 2015 regarding Global's intent to vacate the property before October 15 and pay all past due rent prior to that date. Email communications and other documents exchanged between the parties were also introduced into evidence. The testimony that was presented was conflicting: Ms. Hebert testified that the offer she made in the September 11, 2015 email to vacate the building and pay the delinquent rent owed was accepted by Ms.

McDow. Ms. McDow denied that she orally expressed acceptance, but acknowledged that she took actions consistent with what was proposed in Ms. Hebert's email.

In its reasons for judgment, the trial court found the testimony of Ms. Hebert more credible, and particularly stated that Ms. McDow's testimony indicated acceptance of the offer. Both parties presented sufficient evidence at trial that reasonably support their conclusions. There is no dispute that over the long course of this lease, Rathborne had accepted late rent payments from Global. Although it may be considered an unusual business practice to continue such forbearance at the termination of the lease, we simply cannot say, upon our review of the evidence, that the trial court was manifestly erroneous in crediting the testimony of Ms. Hebert and determining that Rathborne agreed to forbear on the payment of delinquent rent until Global vacated the premises.

*Award of General Damages to Ms. Hebert*

The award of general damages to Ms. Hebert for wrongful sequestration of Global's property raises a question of law. Questions of law are not reviewed on appeal under the manifest error or clearly wrong standard, but rather under a *de novo* review. *Sid-Mar's Rest. & Lounge, Inc. v. State ex rel. Governor*, 15-326 (La. App. 5 Cir. 12/9/15), 182 So.3d 390, 399. At trial, Ms. Hebert offered two theories of recovery for the alleged mental anguish, embarrassment, and humiliation she suffered. First, she relies on an unpublished case from the First Circuit, *Tchefuncte Harbour Townhome Ass'n, Inc. v. Costanza*, 15-0524 (La. App. 1 Cir. 11/6/15), wherein the Court held , generally, that damages for wrongful seizure are allowed after an illegal seizure, and that such an award can include compensation for embarrassment, humiliation, mental anguish and worry. The *Tchefuncte* case, and the cases cited therein, may be distinguished from the case *sub judice* because in those cases, the property being seized was the personal

property and homes of the plaintiffs. *Id.*; *Bank of New York Mellon v. Smith*, 11-0060 (La. App. 3rd Cir. 6/29/11), 71 So.3d 1034, 1045, *writ denied*, 11-2080 (La. 11/18/11), 75 So.3d 1034, quoting *Dixie Sav. And Loan Ass'n v. Pitre*, 99-154 (La. App. 5 Cir. 7/27/99), 751 So.2d 911, 921, *writ denied*, 99-2867 (La. 12/10/99), 751 So.2d 855. In this case, the property seized did not belong to Ms. Hebert, but to Global, and therefore we find this theory of recovery for general damages inapplicable.

Ms. Hebert also articulated in her petition a claim against Rathborne for intentional infliction of emotional distress as a basis for awarding her general damages. In order to recover for intentional infliction of emotional distress, a plaintiff must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). Liability can arise where the actor desires to inflict severe emotional distress or where he knows that such distress is certain or substantially certain to result from his conduct. *Id.* at 1210. While Ms. Hebert presented some evidence at trial as to the severity of the mental anguish and embarrassment she suffered on the day of the seizure, no evidence was offered to show that Rathborne intentionally or knowingly sought to inflict severe emotional distress on Ms. Hebert.

Upon our *de novo* review, we find no basis for the award of general damages, and accordingly, we reverse that part of the trial court's judgment awarding Ms. Hebert $5,000.00 in general damages.

*Award for Damages to the Property*

Rathborne made demands in reconvention for breach of provisions of the lease which required that Global surrender the premises in like order and condition

as received, wear and tear excepted.  On appeal, Rathborne argues that the trial court erred in holding Global liable only for damages to the roll-up doors and ceiling amounting to $2,103.33, rather than for the $6,032.35 in purported property damage alleged in the reconventional demand.

The trial court's factual determinations on this issue are reviewed under the manifestly erroneous, clearly wrong standard of review articulated above. Rathborne provided invoices and put witnesses on the stand to testify as to the damages to the lights and water heater.  The trial court weighed this evidence and determined which items of damage were caused by Global and which were normal wear and tear.  Upon review of this evidence, we find no manifest error in the trial court's determinations regarding the damages caused by Global and the resulting award amount to Rathborne for these damages.

*Award of Attorney's Fees*

Rathborne argues that the trial court's award of $16,671.50 in attorney's fees pursuant to La. C.C.P. art. 3506 is improper because the award includes fees incurred for Ms. Hebert and Global's action for damages and not merely the action to dissolve the writ of sequestration.

La. C.C.P. art. 3506 states, in pertinent part:

The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand.  Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.

While Rathborne argues that the writ of sequestration was dissolved on October 1, 2015, upon Ms. Hebert's payment, the actual motion and order for dismissal of the writ was drafted, sent to opposing counsel, but never filed by Rathborne in court.  The determination of whether the writ was wrongfully issued, and the final dissolution of the writ, did not occur until the district court's

judgment following trial on the merits. Rathborne's argument about attorney's fees was carefully considered by the trial court in its judgment denying the motion for a new trial. In its reasons for judgment, the trial court stated:

> It is well settled in Louisiana that 'rules of procedure implement the substantive law and are not an end in themselves. Each pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice.' *First National Bank v. Pearl River Fabricators, Inc.*, 971 So.2d 302 (La. 2007) (allowing a party by intervention to seek damages and attorney fees for wrongful sequestration under Art. 3506). The characterization of a pleading by a litigant is not controlling. Pleadings are taken for what they actually are and not for what their authors designate them. A court should not reject a justiciable cause 'merely because it is dressed in the wrong coat.' *State, Dep't of Children & Family Servs ex rel. AL v. Lowrie*, 167 So.3d 578 (La. 2015). As stated by Global/Hebert, here, its petition served as a reconventional demand under Art. 3506 and attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits, as occurred here.

Under these circumstances, we find no abuse of discretion in the trial court's construction of the plaintiffs' pleadings as a reconventional demand, and therefore affirm the award of attorney's fees on that basis.

In their answer to the appeal, Global and Ms. Hebert have requested an additional $5,000.00 in attorney's fees in relation to their work on the appeal of this case. While we recognize that the damages authorized under La. C.C.P. art. 3506 include such fees, it is within this Court's discretion as to whether such an award is made. Under the circumstances of this particular case, we decline to award any additional attorney's fees to Global and Ms. Hebert.

CONCLUSION

We affirm that portion of the judgment awarding $6,112.77 to Global for the wrongful sequestration of Global's property on October 1, 2015, which represents the $16,343.00 paid by Ms. Hebert, minus $10,230.23 in delinquent rent owed to Rathborne. We reverse that portion of the judgment awarding $5,000.00 in general damages to Ms. Hebert. We affirm that portion of the judgment awarding

$2,103.33 to Rathborne for property damage caused by Global. We affirm as well the award of $16,671.50 in attorney's fees owed to Ms. Hebert and Global for the issuance of the wrongful writ of sequestration, but we decline to award any additional attorney's fees as requested in the answer to the appeal. Accordingly, we amend the judgment so that the total amount due from Rathborne to Global and Ms. Hebert is $20,680.94.

**<u>AFFIRMED IN PART;</u>**
**<u>REVERSED IN PART</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 29, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

# 18-CA-169
### C/W 18-CA-170

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE GLENN B. ANSARDI (DISTRICT JUDGE)
NO ATTORNEYS WERE ENOTIFIED

**MAILED**

PATRICK H. PATRICK (APPELLEE)
STEPHEN E. MATTESKY (APPELLEE)
ATTORNEYS AT LAW
400 POYDRAS STREET
SUITE 1680
NEW ORLEANS, LA 70130

JACOB KANSAS (APPELLANT)
ATTORNEY AT LAW
POST OFFICE BOX 1330
GRETNA, LA 70054-1330